May Term,
1825.

THOMPSON
v.
WILSON.

*Saturday,*
*May 14.*

## THOMPSON and Others *v.* WILSON.

Where property is taken in execution, a bond voluntarily given by the debtor and his sureties conditioned for the delivery of the property at the time and place of sale is valid, although it be payable to the execution-plaintiff, instead of to the officer as prescribed by statute.

Where the plaintiff has judgment on demurrer, in debt on bond for the performance of covenants, the Court may assess the damages, by consent of parties, without a jury.

*Saturday,*
*May 14,*

APPEAL from the *Clark* Circuit Court.—Debt by *Wilson* against *Thompson* and others on a bond payable to the plaintiff, with

a condition to the following effect: Whereas execution has issued in favour of *Wilson* against *Thompson* and *Naylor*, and the constable has levied upon the property of *Naylor*; now if *Naylor* shall deliver the property at the time and place of sale, the obligation to be void. The declaration set out the condition of the bond, and averred a non-delivery of the property. General demurrer to the declaration and joinder. The Circuit Court overruled the demurrer, and with the defendants' consent assessed the damages without a jury. Final judgment for the plaintiff.

BLACKFORD, J.—It was the duty of the constable to take a bond payable to himself, if tendered, for delivery of the property. Stat. 1823, p. 84. Here the bond is payable, not to the officer, but to the execution-plaintiff; and, on that ground, the defendants below founded their demurrer. The objection to the declaration cannot be sustained. In prescribing one form of a delivery-bond, the legislature has not precluded every other. Bonds for ease and favour, or for indemnifying an officer for a breach of duty, are void by the common law. But this is entirely a different case. The defendant had a right to retain possession, upon giving bond according to the statute. He gave one, variant from that prescribed, but for the accomplishment of the same purpose. The plaintiff thought proper to accept it. It was executed voluntarily, and for a valuable consideration. We know of no principle of the common law, nor of any statutory provision, declaring a bond like the present to be void. *Morse* v. *Hodsdon*, 5 Mass. 314. Upon demurrer to the declaration, judgment was entered for the plaintiff; and damages were assessed by the Court without a jury, by consent of the defendants, to the amount of the magistrate's judgment, with interest and costs (1). There is no error in the proceedings.

*Per Curiam.*—The judgment is affirmed, with one *per cent.* damages and costs.

*Thompson* and *Naylor*, for the appellants.

*Howk*, for the appellee.

(1) When the parties in any suit shall, by agreement, submit any matter to the determination of the Court, it may hear and determine the same without a jury, and give judgment as in other cases. Stat. 1823, p. 297. Vide *Van Vleet* v. *Adair*, ante, p. 346, and note.