Blackford, J.
Steepleton, as a constable, commenced this action by notice and motion before a justice of the peace. The statement of demand alleges that the plaintiff, as constable, sold certain personal property, on an execution, to *the defendant for the sum of $90; that the defendant refused to pay the purchase-money, and was therefore liable to the plaintiff for that sum with ten per cent, damages. There is a special plea which it is not necessary to examine. Judgment by the justice for $99 and costs.
J. W. Payne, for the appellant.
W. A. Porter, for the appellee.
The Circuit Court, to which the defendant appealed, dismissed the suit on the ground that the justice had no jurisdiction of the cause.
The statute under which this suit was instituted authorizes the officer, in cases like this, to recover of the purchaser, by notice and motion, the purchase-money with- ten per cent, damages, in any Court of competent jurisdiction; that is, in any Court having jurisdiction of the subject-matter. Rev. Stat., 1838, p. 286. The jurisdiction of a justice of the peace extends to the amount of $100 in actions of debt and assumpsit; and it follows, that if the sum now sued for could be recovered in either of those actions, the subject-matter is within a justice’s jurisdiction.
According to the statement of demand, there is due from the defendant to the plaintiff the sum of $99, arising out of simple contract, which shows that the amount sued for is recoverable in debt or assumpsit. The consequence is, that the subject-matter of the present suit is within a justice’s jurisdiction, and that the suit was improperly dismissed. See Cowgill v. Wooden, 2 Blackf., 332.
Per Owriam.—The judgment of dismissal is reversed with costs. Cause remanded, &c.