BlackfoRD, J.
This was an action of debt brought by Davidson against Ghandler and wife before a justice of the peace. The ground of the suit was a parol promise which the wife, before her marriage with Chandler, and whilst she was a widow, made to the plaintiff to pay him a certain debt due him from her deceased husband. Plea, nil debet. The justice gave judgment for the plaintiff and the defendant appealed. The cause was submitted to the Circuit Court, and judgment rendered for the plaintiff.
The material facts, as they appear from the record, are as follows: The first husband of Mrs. Chandler resided with her in North Carolina, and died there indebted to the plainL iff in the sum of $40.00. He bequeathed his property to his wife after his debts should be paid. The executors named in the will refused to act, and an administrator with the will annexed was appointed. The administrator sold the per-soual property, the sale amounting to $500. It does not appear that the testator had any real estate at the time *of his death. The widow removed to this State, bringing with her a horse and wagon, which, she said, had been bought in part with means derived from the estate; she also brought with her a clock, worth about $12.00, which had once been the property of her husband; and she had a few other articles which did not appear to have belonged to the estate. Soon after' she came to this State, she verbally promised the plaintiff’ to pay him the debt to which we have referred, which was due to him from her deceased husband; and after such promise, and before the commencement of this suit, she married Chandler.
The facts are not sufficient to support the action. •
Supposing, as the plaintiff contends, the widow to have had possession of some of the goods of the estate, that circumstance alone would not make her liable to this suit, whether she be considered as holding the goods under the will, or as being an executrix de son tort. The assets in her hands, if she had any, might probably be followed by the *394 plaintiff in chancery; but his remedy at law, independently of the express promise, would be against her here as an executrix, or against the administrator in Carolina.
It is said, however, that considering her as being possessed of the goods under the will, she was under a moral obligation to pay the debts of the estate to the value of the goods, and that such obligation was a .sufficient consideration for the express promise sued on. Whether this consideration would have been sufficient, supposing the goods to be held under the will, had the promise been in writing, it is not necessary to decide. The promise was to pay, not the prom-iser's own- debt, but a debt due by her deceased husband; and such a promise, to be the foundation of a suit, must be in writing by the statute of frauds, Unless the consideration be sufficient to give to the promise the character of an original undertaking.
There are, no doubt, cases in which a verbal promise to pay the amount of another person’s debt, is an original promise, and not within the statute of frauds. There are cases, however, in which a new consideration passes, at the time of the promise, between the newly contracting parties, of such a character that it would support a promise to the plaintiff for *the payment of the same sum of money, without reference , to any debt from another: 2 Stark. Ev., 478." Such are the cases of Williams v. Leper, 3 Burr., 1886, and Castling v. Aubert, 2 East, 325. But it is evident that the moral obligation relied on in this case, was not a consideration of that description. It was not a consideration that passed between the newly contracting parties, nor was it one that would have sustained a promise to the plaintiff to pay him the same amount, supposing the debt from the estate not to have existed.
The plaintiff further says that the wife maybe viewed as an executrix de son tort, on the ground of her having wrongfully taken possession of some of the goods, and brought them to this State; and that her express promise, therefore, would support the suit. But assuming her to have been such *395 executrix, and that she would have been bound in her own right, in consideration of assets, were the promise in writing, to pay the debt in question, still there can be no doubt, we think, that the parol promise was not obligatory on her personally. The having assets was not of itself sufficient to render the promiser liable to a suit in her own right.
A. Kinney and S. B. Goodkins, for the appellants.
J. P. Usher, for the appellee.
There is an objection to the statement of demand filed in this case—the amount claimed by it being over $100. The objection must be sustained. Swift v. Woods, 5 Blackf., 97.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.