SulliyAN, J.
The plaintiff, for the use of Williams, brought an action of debt against one Grogan and the defendants, on a constable’s bond, before a justice of the peace. Process was served on the defendants, and returned not found as to Grogan. Amongst other pleas the defendants pleaded non est factum. The Circuit Court, at the trial, decided that the bond was void, and gave judgment against the plaintiff.
It appears from the bill of exceptions, that Grogan was duly appointed constable of Washington township in Putnam county, and that he entered into bond before the clerk of the Court-in vacation, who approved of the defendants as sureties. It appears, also, that the county board omitted to fix the penalty in which the bond should be taken.
The statute enacts, that constables shall give bond in the penalty of not less than $300 nor more than $2,000, to be determined by the board doing county business, which bond may in vacation be taken by the clerk of the Court, who is authorized to approve of the sufficiency of the security; the board fixing the amount* of the bond, &c. R. S., 1838, p. 144.
The only question is, whether a constable’s bond taken by the clerk in vacation, regular in every respect except that the penalty was not fixed by the county board, be void or not ?
We think the omission of the board to direct the amount of the penalty, does not make the bond invalid. Even if the bond be not a good statutory bond, a point which it is not now necessary to determine, it does not therefore follow that it is of no validity. It was entered into voluntarily and upon a siilfi- *425 cient consideration, and is, we think, a binding obligation at common law. Grogan, the principle obligor, was duly appointed to office, and was required to give bond with security in an amount to be fixed by the appointing power. Instead of doing so, he and his sureties entered into bond in a sum fixed by themselves, and Grogan entered upon the office to which he had been appointed. Numerous cases are reported in which it is held that bonds void as statutory bonds, are, notwithstanding, binding at common law. Thompson et al. v. Wilson, 1 Blackf., 358; Spader v. Frost, 4 Id., *190, and the authorities cited. A bond taken in a sum greater or less than the penalty fixed by a statute is not therefore void, but is a good bond at common law. 1 Bibb., 192; 2 Id., 186.
E. W. McGaughey, for the plaintiff.
J. Cowgill, for the defendants.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &e.