THE STATE, on the Relation of LIKENS, *v.* WESTBROOK and
Others.

An execution issued by a justice of the peace, reciting a judgment for 102 dollars and 36 cents, without showing how much of the judgment was for the debt, and how much for interest thereon, was held not to be void.

It will be presumed that the justice, in rendering such judgment, was acting within his jurisdiction.

ERROR to the *Harrison* Circuit Court.

DEWEY, J.—This was an action of: debt in the name of the state, on the relation of *Likens*, against *Westbrook*, a constable, and his sureties, on his official bond. The condition of the bond is in the usual form, for the faithful discharge of the duties of the constable, &c. Three breaches are assigned. The first alleges, that the relator recovered a judgment, before a justice of the peace, against one *Asa. Buckles*, on the 16th day of *July*, 1841, "for the sum of 95 dollars 86 cents debt, 4 dollars 66 cents interest, and one dollar 84 cents original

costs, making in all the sum of 102 dollars and 36 cents, with interest from the date of the judgment, together with costs of suit;" that on the 18th day of *May*, 1842, the relator caused an execution to issue on the judgment, returnable in one hundred and twenty days, which execution, after reciting that the relator, on the 16th day of *May*, 1841, obtained judgment against *Buckles*, before the justice, "for one hundred and two dollars and thirty-six cents, with interest from the 16th day of *July*, 1841, until paid, together with costs of suit," commanded the constable, *Westbrook*, that of the goods, &c., of *Buckles*, he cause to be made "the said debt, interest, and costs," &c.; that the execution was placed in the hands of *Westbrook;* that on the 27th day of *August*, 1842, he levied it on certain property; that, on the 16th day of *September* following, he returned the execution to the justice, stating in his return (which had no date) that he had levied on the property, but had not offered it for sale for want of time; that the return was false in this, that the constable had sufficient time to sell, inasmuch as twenty days remained between the time of seizing the property, and the return day of the execution; and that the judgment remained in full force, &c. The second breach is for failing to take property on the execution, although it was known to the constable that the execution debtor had sufficient to satisfy the execution within the bailiwick of the constable. The third breach is for failing to return the execution.

The defendants demurred generally to each breach. The Court sustained the demurrers, and rendered final judgment for the defendants.

The ground assumed in vindication of the decision of the Circuit Court is, that the execution, with regard to which the constable is charged with a violation of his duty, recited a judgment beyond the jurisdiction of the justice, and is therefore void on its face, and was not obligatory upon the constable.

In support of this position, it is contended that the judgment recited appears to have been rendered in an action of debt, in which the *debt* itself, exclusive of interest and cost, was over 100 dollars. If this were the fact, it would be a fatal objection to the validity of the execution, for justices

have no jurisdiction in actions of debt and assumpsit, where the sum due or demanded, exclusive of interest and costs, exceeds that amount. R. S. 1838, p. 364. It may be admitted (though the execution does not show it,) that the judgment was rendered in an action of debt, but it certainly does not appear that the original *debt* demanded was more than 100 dollars. The judgment shown by the execution was for the sum of 102 dollars and 36 cents, with interest from the date of the judgment. The original debt may have been less than 100 dollars, and the interest upon it may have been sufficient to make the amount of both equal the sum for which the judgment was rendered. In such a case the justice had jurisdiction; and we do not conceive that his judgment is a nullity, though in rendering it he failed to distinguish between principal and interest. We must presume, as the contrary does not appear, that the justice did not violate his duty by exceeding his jurisdiction. The execution is legal upon its face, and the demurrers to the several breaches assigned in the declaration should have been overruled.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*W. A. Porter*, for the plaintiff.

*J. W. Payne*, for the defendants.