May Term, 1844.

THE STATE
v.
INMAN.

---

THE STATE *v.* INMAN.

Debt lies on a recognizance taken by a justice of the peace for the appearance before him, on a subsequent day, of a person charged with an offence.

And if the penalty be beyond a justice's jurisdiction, the suit may be brought in the Circuit Court.

The declaration in such case need not aver, that the recognizance was taken in consequence of a continuance by the justice of the examination of the person charged.

A breach assigned in the declaration in such case, that the person charged did not appear before the justice, &c., and answer, &c., and abide the judgment of the justice thereon, is sufficient on general demurrer.

ERROR to the *Harrison* Circuit Court.

BLACKFORD, J.—This was an action of debt, commenced in

Wednesday, July 24.

VOL. VII—29

the Circuit Court, on a recognizance entered into before a justice of the peace, in the penalty of 200 dollars.

The declaration is, in substance, as follows : That on, &c., at, &c., the defendant appeared before *John Dewees*, a justice of the peace, &c., and then and there acknowledged before said justice that he owed to the state of *Indiana* the sum of 200 dollars, to be levied, &c., if default should be made in the following condition, viz., that if *Solomon Goodwin* should appear before said justice, on, &c., and then and there answer said state on a complaint for an assault and battery on *James Brown* on the oath of *Lyman R. Burke*, and abide the judgment of said justice thereon, the said recognizance should be void, &c. Averment, that said *Goodwin* did not appear before said justice, &c., and answer, &c., and abide the judgment of said justice thereon. By means whereof the recognizance became forfeited, &c. Yet, &c.

General demurrer to the declaration and judgment for the defendant.

The recognizance sued on was taken by virtue of the third section of the statute regulating the jurisdiction and duties of justices of the peace. R. S. 1838, p. 361. The provision is, that "whenever it shall become necessary to postpone or continue the examination or trial of any person charged with a crime or misdemeanor before a justice, such justice shall cause such defendant, if the offence be bailable, to enter into a recognizance for his appearance at the time and place of trial or examination, abiding the order of the justice in such case, and not departing without leave."

The defendant contends that debt will not lie on a recognizance taken under this statute, and that the only remedy on it is by *scire facias*. But we think otherwise. Upon the forfeiture of such recognizance, the party becomes an absolute debtor to the state for the amount of the penalty, and we know of no reason why it may not be recovered, like any other sum certain due upon contract, by an action of debt. Such action lies on a recognizance of bail made to an individual, 2 Saund. 72, note, and the rule would seem to be the same when the recognizance is made to the state. That debt will lie on a recognizance to the state, is decided in the cases of *The Commonwealth* v. *Green*, 12 Mass. 1, and *The People*

v. *Van Eps*, 4 Wend. 387. We are also of opinion that the suit was rightly brought in the Circuit Court, the amount of the penalty being beyond the jurisdiction of a justice of the peace.

The declaration is objected to, because there is no averment that the recognizance was taken in consequence of a continuance by the justice of the examination of a person charged with an offence. The recognizance described in the declaration is such a one as the statute authorized the justice to take under certain circumstances, and it must be presumed, in favour of the act of the justice, that the case was within his jurisdiction, till the contrary is shown.

The defendant objects to the assignment of the breach, but we think it is sufficient on general demurrer.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*W. A. Porter*, for the state.
*J. W. Payne*, for the defendant.