GREGG v. WOODEN.

The civil jurisdiction of justices of the peace is governed wholly by statute; and they have none but what the statute confers.

A justice of the peace, under the R. S. 1852, has no jurisdiction, if the debt or damages claimed at the commencement of the suit, including interest, exceed 100 dollars.

APPEAL from the *Rush* Circuit Court.

GOOKINS, J.—*Wooden*, suing for the use of *Newbold*, brought his action against *Gregg*, before a justice of the peace, on a note for 100 dollars, on which there was interest due to the amount of 1 dollar, at the time of the commencement of the suit. The plaintiff had judgment before the justice for the amount of the note and interest, and on appeal obtained a like judgment in the Circuit Court. *Gregg* having objected to the jurisdiction before the justice, moved the Circuit Court, at the proper time, to dismiss the suit for want of jurisdiction in the justice. His motion was overruled.

Section 10, 2 R. S., p. 451, provides that justices of the peace shall have jurisdiction to try and determine suits founded on contract or tort, when the debt or damages claimed, or the value of the property sought to be recovered, does not exceed 100 dollars.

The civil jurisdiction of justices is governed wholly by statute. They have none except what the statute confers. The inquiry arises, what is the meaning of the word debt, in the section above quoted? We think it is used in the popular and not in a technical sense. Since forms of action have been abolished, there is no longer a technical use of the word. The words of the section embrace demands *ex contractu* and *ex delicto*. If, therefore, the debt or damages claimed, at the commencement of the suit, exceed 100 dollars, the justice has no jurisdiction.

Previous to the revision of 1852, the statute gave jurisdiction, if the demand, exclusive of interest, did not exceed 100 dollars. In the present code, the words "exclu-

May Term,
1856.

sive of interest," are omitted, and we can not supply them without a departure from the plain letter of the statute.

It is suggested in argument that interest may accumulate, after the commencement of a suit, so as to oust the jurisdiction of the justice, if this view prevails. If such were the case, it would not change the language; but we think it is nòt. The statute refers to the amount claimed at the time the action is commenced. Jurisdiction having once attached, it will not be defeated by a continuance of the cause, and the accumulations of interest pending the suit may be recovered.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, with instructions to the Circuit Court to dismiss the suit.

*A. W. Hubbard* and *L. Sexton*, for the appellant.

*L. H. Thomas*, for the appellee.