May Term,
1857.

THE INHABIT-
ANTS OF CON-
GRESSIONAL
TOWNSHIP
No. 11, &c.
v.
WEIR.

THE INHABITANTS OF CONGRESSIONAL TOWNSHIP No. 11,
&c. *v.* WEIR.

Under chapter 11, Gen. Laws of 1841, the trustees of a congressional township had not the power to make promissory notes.

Where that power is not expressed in the statute, it cannot, in so limited a corporation as a congressional township, be implied.

Where such trustees make a note, it is their individual note, and not the note of the corporation.

An allowance by the trustees to the township treasurer for services, after he has paid over, &c., is unauthorized. The statute provides that the treasurer shall retain his compensation out of the township money.

Where the treasurer has not retained his compensation, *quære*, whether he has any remedy.

For services as trustee, the allowance should, by the statute of 1841, be made by the county board, and not by the co-trustees.

In a suit by the assignee upon a promissory note, the plaintiff cannot recover upon the common counts, the value of the thing for which the note was given.

Where the complaint on a promissory note contains the common counts, *held*, that the sum laid as damages in the conclusion constitutes the claim and determines the jurisdiction.

A judgment by a justice of the peace for 109 dollars and 22 cents, exclusive of costs, was not, under the R. S. 1843, void for exceeding the jurisdiction.

Thursday,
June 4.

APPEAL from the *Vigo* Circuit Court.

STUART, J.—Suit by *Weir* against the inhabitants, &c., upon the following instrument:

" *Honey Creek* township, *May* 1, 1843. Ten days after date the trustees of the 16th section, township 11, N. R. 9 west, promise to pay *Robert Weir* the sum of 93 dollars and 88 cents for value received. (Signed,) *Cornelius Johnson, Caleb Garrett, John Weir,* Township Trustees. [SEAL.]"

There is a credit of 31 dollars and 25 cents, indorsed on the note as of *February* 24, 1847.

The trial before the justice resulted in favor of the defendants. *Weir* appealed to the Circuit Court. *Jones*, trustee, and successor, &c., filed in that Court the general issue, sworn to; without objection, so far as disclosed by the record. Trial by the Court. Finding and judgment in favor of *Weir*. The inhabitants, &c., appeal.

Upon the motion for a new trial being overruled, the evidence was made part of the record in proper form.

The evidence is to the following effect: *Jones*, one of the trustees, &c., at the date of the trial in *March*, 1852, was produced as a witness by *Weir*. He produced the record of the township, and the plaintiff offered to give in evidence certain entries therein, proved to be in the handwriting of one of the trustees, and the signatures of the others to be genuine. The entries were in substance as follows:

*First.* An account stated, and then a due-bill under it, to *John Weir*, one of the trustees, signed by *Johnson* and *Garrett*, the other two trustees, for 78 dollars and 30 cents.

*Secondly.* A due-bill to *John Weir* for services as treasurer, &c., 15 dollars and 50 cents, signed by *Weir's* co-trustees, *Johnson* and *Garrett*.

*Thirdly.* Across the face of these due-bills was written by *John Weir*, a receipt for both these sums "by a note given to *Robert Weir* for 93 dollars and 88 cents." It is also shown that *Robert* and *John Weir* were brothers. This note was signed by all the three trustees, as above set out. The credit is indorsed by *John Weir* as agent of *Robert*.

This evidence was admitted over the objection of the defendant.

The witness explained the credit. That *John Weir* claimed payment as the holder of the note; and with the consent of his then co-trustees, witness paid *John* the amount indorsed; but at the time of the payment, none of the then trustees had seen the note. When the trustees subsequently saw the note, they refused further payment, because they thought the township was not liable.

The note itself, with the indorsement, was then offered, and admitted over the objection of the defendant. This was all the evidence.

In addition, there is a question of jurisdiction, which will be noticed in its order.

The appellants contend that, under the act of 1841 (Laws of 1841, p. 65), the note is void for want of power in the trustees to execute such an instrument; and 1 Blackf. 189, and 8 *id.* 144, are cited.

There is no power to make notes, conferred by the

May Term, 1857.

THE INHABITANTS OF CONGRESSIONAL TOWNSHIP No. 11, &c.
v.
WEIR.

act of 1841. That act was the charter under which they acted. The trustees, as a corporation, had no power but such as that act expressly conferred, and such as might arise by implication, as essential to the exercise of those granted. Such a power is always expressed even in bank charters. In so limited a corporation as a congressional township, the power to make promissory notes could hardly be implied. The case at bar cannot easily be distinguished in principle from *M'Clure* v. *Bennett*, 1 Blackf. 189, and *Mears* v. *Graham*, 8 *id.* 144. It is the note of the trustees individually—not of the corporation. The suit cannot be sustained.

The statute also contemplates that he shall retain his compensation as treasurer out of the township money. Laws of 1841, p. 74. The allowance by the trustees, after he had paid over, &c., was clearly unauthorized. Whether he has any remedy, *quære*. *Egbert* v. *Rush*, 7 Ind. R. 706.

For his services as trustee, the allowance should have been made by the county board, and not by his co-trustees. Laws of 1841, p. 75.

In addition to the note, there were paragraphs for goods sold and for work and labor—in substance, the common counts of the old system. But the services were rendered by *John Weir*, and could not be recovered by *Robert Weir*. The assignee must recover, if he recover at all, on the note; he cannot recover the value of the thing for which the note was given. *Bischof* v. *Lucas*, 6 Ind. R. 26 (1).

The question of jurisdiction is urged. The complaint sets out the note; for goods sold, &c., 100 dollars; for work and labor, 100 dollars. The damages demanded in conclusion are 100 dollars. The sum thus laid at the conclusion constitutes the claim and determines the jurisdiction. 5 Blackf. 357.—6 *id.* 63.—*Id.* 76.—6 Ind. R. 430 (2). The claim thus set out was within the jurisdiction of the justice.

It is objected further, that the judgment for 109 dollars and 22 cents, exclusive of costs, is beyond the jurisdiction and void. But under a similar statute, limiting the jurisdiction to 100 dollars, a judgment for 102 dollars and 36

May Term,
1857.

THE INHABIT-
ANTS OF CON-
GRESSIONAL
TOWNSHIP
No. 11, &c.
v.
WEIR.

cents in one case, and for 102 dollars in another, was sustained. 7 Blackf. 138.—*Id.* 577 (3). There is no material difference in the phraseology of the two statutes. That of 1838, under which these decisions were made, limited the jurisdiction to 100 dollars, exclusive of interest and costs. R. S. 1838, p. 364. So does the statute that governs this case. R. S. 1843, p. 864.

The decision in *Gregg* v. *Wooden*, 7 Ind. R. 499, was a construction of the statute of 1852, and has no application here (4).

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*J. P. Usher* and *C. Y. Patterson*, for the appellants.

*T. H. Nelson*, for the appellee.

(1) And see *Bischof* v. *Coffelt*, 6 Ind. R. 23.

(2) The case in 5 Blackf. 357, was debt before a justice of the peace. The declaration contained four counts, each for 62 dollars. It was held that the justice had no jurisdiction. But it was there said that, in assumpsit, and other actions sounding in damages, the sum laid in the conclusion constitutes the amount of the plaintiff's claim.

In *Swift* v. *Woods*, 5 Blackf. 97, the declaration in assumpsit, in a justice's Court contained three counts, each claiming 50 dollars, and had no conclusion limiting the amount claimed. *Held*, that the suit should be dismissed for want of jurisdiction.

In the case in 6 Blackf. 63, it was held that, "though a note filed before a justice of the peace as a cause of action be, on its face, for a sum beyond his jurisdiction, yet if the amount actually demanded and recovered be within it, the presumption is, that the note had been so reduced by credits as to authorize the justice, under the statute, to take cognizance of the cause." So, in 6 Blackf. 76, it was held that "a constable may sue in a justices's Court, by notice and motion, for the price of goods sold by him on execution and ten per cent. damages, if the demand do not exceed 100 dollars." See *Cowgill* v. *Wooden*, 2 Blackf. 332.

It was decided in the case in 6 Ind. R. 430, that "in trespass before a justice of the peace, under the R. S. 1843, the damages laid in the conclusion of the declaration constitute the amount of the plaintiff's claim in determining the justice's jurisdiction." See *Culley* v. *Laybrook*, 8 Ind. R. 285; *Collins* v. *Shaw, id.* 516, a case in the Common Pleas. It was held, in the latter case, that the damages laid in the conclusion did not enlarge the claim. See, also, 6 Blackf. 367.

(3) In these cases the justice, in rendering the judgment, failed to distinguish between principal and interest, and the Court presumed in favor of the jurisdiction, that the original debt was less than 100 dollars.

(4) The difference between the statute of 1843 and that of 1852 is this: The former gave jurisdiction if the demand, *exclusive* of *interest*, did not exceed 100 dollars. In the latter, the words "exclusive of interest," are omitted; and

the Court held, in the case cited, that they cannot be supplied. It was also held there, that the statute refers to the amount claimed at the time the action is commenced, and that jurisdiction having once attached, it will not be defeated by the accumulation of interest afterwards.