THOMPSON, Administrator of PATE v. KERR.

THOMPSON
v.
KERR.

Suit by an assignee of a promissory note, against the administrator of his assignor, averring the insolvency of the makers of the note. The plaintiff gave in evidence the note, and the assignment thereof, and also a transcript from the docket of a justice of the peace, by which it appeared that a suit had been instituted against the makers of the note, a judgment recovered, and an execution returned *nulla bona*. The transcript showed the cause of action to have been a note for $100, upon which a small amount of interest had accrued at the commencement of the suit, though the justice gave judgment for $100 only.

*Held*, that the justice could not give himself jurisdiction by rendering judgment for a part only of the demand, and having no jurisdiction of the suit sought to be shown by the record, he had no authority to make a record which could be offered as evidence of diligence in prosecuting the note against the makers.

*Saturday
December 7.*

APPEAL from the *Ripley* Common Pleas.

HANNA, J.—Suit by the assignee, against the administrator of the assignor, of a promissory note, averring the insolvency of the makers. Answer; denial, generally; and denial of the execution of the assignment generally; and specially, that the same had been changed by striking out a portion thereof; that the same was made in these words:

"I assign the within · to bearer, without recourse back on me.

"C. B. PATE."

And that the syllable "out," in the word "without," had been erased after the delivery of the same. The answer in reference to the execution of the assignment was sworn to. Reply, in denial. Trial by jury; verdict and judgment for the plaintiff.

It is objected that the evidence does not sustain the verdict.

The plaintiff gave in evidence the note and the assignment, and proved by a witness that the latter was in the handwriting of the assignor.

The defendant introduced a witness, who testified that in the latter part of *December*, 1854, or first of *January*, 1855, he was present when the deceased and the plaintiff made

a trade, by which plaintiff transferred a wagon, &c., to deceased for said note; witness did not examine the assignment placed thereon. "At the time *Pate* assigned the note to *Kerr*, he told him he must take the note without recourse, as he would as lief give his own note as to indorse one given by the makers of this. The indorsement is the same as it was at the time *Pate* gave the note to *Kerr*, except that it has been changed by striking out the word 'out,' after the word 'with,' so as to make the same read, 'with recourse' back upon *Pate*." This was all the evidence directly bearing upon the execution of the assignment.

The plaintiff gave in evidence the transcript of a proceeding to judgment and execution, with a return of "no property found," by which it appeared that a suit was instituted by *Kerr*, on *October* 3, 1854, on a note and assignment, which is in all respects similar to that now in question, except that this is payable to " *C. Bird Pate*," and that was payable to " *C. B. Pate;*" each assignment is by " *C. B. Pate*." There was no evidence, other than said transcript, as to the institution and prosecution of a suit on this note.

The first question is, whether there was sufficient evidence of the execution of the assignment? and the second, whether there was diligence as to the makers?

As to the latter point, it is insisted that the transcript was irrelevant and improper evidence, because it is not shown to have been a suit upon the same note; and because it is shown that the justice had no jurisdiction, as the note was the only cause of action, and was for $100, with a small amount of interest due at the time suit was instituted. The judgment before the justice was for $100. The case of *Gregg* v. *Wooden*, 7 Ind. 499, is in point, unless the fact that the judgment there was for $101, being the principal, $100, and interest, $1, ousted jurisdiction; while here the justice could retain it by rendering judgment for a part only of the amount apparently due; for there was no complaint limiting the demand to less than the note, and interest then accumulated.

When the sum demanded exceeds the amount fixed by the statute as the limit of a justice's jurisdiction, we are of opinion that he can not confer jurisdiction by confining

his inquiry to, or rendering judgment for, a part only of the demand.

This would dispose of the case, for the justice having no jurisdiction of the suit sought to be shown by the record, it appears to follow that he had no authority to make a record which should be received as evidence of diligence in the prosecution of such suit; but as the other point is made, we will examine it.

This transcript being out of the way as evidence, the question of the execution of the assignment is left to be disposed of upon the testimony already referred to, that is, the assignment, the testimony as to the handwriting of the assignor, and that of the witness who was present at the time of the transaction.

We may remark that the wording of the assignment bears internal evidence that it was intended to exclude recourse upon the assignor, for the mere indorsement of his name, or words of transfer properly signed, would secure the same end, and in a form more usually pursued; and it is to be presumed that the legal effect of such indorsement was known to those parties. It is therefore a legitimate and reasonable inference from the language employed, that it was the purpose of the assignor to guard against any liability in the event of the non-responsibility of the makers; but without further evidence than the writing as produced, perhaps that inference would be overcome by the letter of that writing.

What is the effect of such further evidence? The evidence of handwriting only shows that which was not denied by the special answer, namely, that the assignment had been executed by the assignor, but left open the question whether a part of the words originally contained in the assignment had been stricken out before, or after, the delivery thereof. Upon that point there is the testimony of but the one witness, which tends strongly to show that the alteration did not occur before, or at the time of the delivery of the note and assignment. It does not conflict with the evidence of the other witness; nor does it disclose that there was any modification of the assignor's positive terms, that he would not assign with recourse upon him. It appeared proper for us to make these

reflections, although it was not absolutely necessary for the determination of this case that the point should be decided, and we do not therefore decide it.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*E. Dumont* and *Green Durbin*, for the appellant.