## CAFFREY *v.* DUDGEON ET AL.

JUSTICE OF THE PEACE.—*Replevin Bond.*—In an action to recover the possession of personal property, where the value of the property claimed exceeds two hundred dollars, a justice of the peace has no jurisdiction, and cannot approve the bond, or issue the writ of replevin, or take any action in the premises; and a bond approved by a justice in such case is void, and no action can be maintained thereon.

ESTOPPEL.—*Bond.*—If a bond is void in its inception, and possesses no force or validity, it cannot work an estoppel.

APPEAL from the Newton Circuit Court.

BUSKIRK, C. J.—The record in this cause presents for our consideration and decision but a single question, and that arises upon the alleged error of the court in sustaining a demurrer to the complaint.

The action was based upon a replevin bond. The material facts alleged in the complaint are these:

That on the 29th day of January, 1870, Samuel W. Dudgeon filed, in the office of one Palmer A. Black, a justice of the peace of Benton county, in the State of Indiana, a sworn complaint, in which it was alleged that the plaintiff was the owner, and entitled to the immediate possession, of a span of horses of the value of three hundred dollars, of a wagon and harness of the value of ninety dollars, and of certain crops raised by Charles Caffrey, on a certain described tract of land, of the value of sixty dollars; that all of said property was unlawfully detained in said county by the defendant, Charles Caffrey; that for the purpose of procuring a writ of replevin and obtaining the possession of said property, the said Dudgeon, as principal, with Cornelius B. Lemaster and George Hardy, as his sureties, executed a bond, payable to the said Caffrey, in the penal sum of nine hundred dollars, conditioned according to law, which bond was approved by the said Black as such justice of the peace; that upon the filing of the said bond, the said justice issued a writ of replevin for said property, by means of which the said Dudgeon obtained the possession of said property; that

on the hearing of the said cause, the same was, on the motion of the defendant in that action, dismissed by the said justice of the peace, for the want of jurisdiction over the subject-matter, and an order was then made by such justice that the plaintiff should return such property to the defendant; that the said Dudgeon had failed and refused to redeliver said property, but illegally, wrongfully, and to the damage of the plaintiff, retained the possession of the same.

To this complaint the defendants demurred, for the reason that it did not contain facts sufficient to constitute a cause of action. The court sustained the demurrer, to which ruling the plaintiff excepted; and the plaintiff refusing to plead further, final judgment was rendered for the defendants, from which judgment the plaintiff appealed, and assigns for error the sustaining of the demurrer to the complaint.

The objection urged to the complaint is, that the facts therein stated affirmatively show that the justice of the peace had no jurisdiction of the action of replevin, and that consequently the bond was illegal and void. It is maintained by the appellant that the justice of the peace had jurisdiction of said action; but, that if he had no jurisdiction, the defendants are estopped from denying the jurisdiction of the justice over the subject-matter of said action.

The first question, therefore, to determine is, whether the justice possessed jurisdiction of the said action of replevin. The jurisdiction of a justice of the peace, in this State, is fixed, regulated, and limited by statute.

It was said by this court, in *Willey* v. *Strickland*, 8 Ind. 453, that, "at common law, a justice was only a conservator of the peace. All civil jurisdiction is conferred upon justices by statute, and the justices' court is a court of special and limited jurisdiction."

It was held by this court, in *Gregg* v. *Wooden*, 7 Ind. 499, that "the civil jurisdiction of justices is governed wholly by statute. They have none except what the statute confers."

This court, in *The Ohio, etc., R. R. Co.* v. *Hanna*, 16 Ind.

391, decided that "the court of a justice of the peace is one of special limited jurisdiction, which acts by virtue of statutory power, and whose acts, to be valid, must be authorized by statute."

In *Hawkins* v. *The State*, 24 Ind. 288, it is said: "The power and jurisdiction of justices of the peace are specially conferred by statute, and they can exercise no authority not thus given."

The civil jurisdiction of justices of the peace is conferred and regulated by the following section of the statute defining the powers and jurisdiction of justices.

"Sec. 10. Justices of the peace shall have jurisdiction to try and determine suits founded on contracts or tort, where the debt or damage claimed or the value of the property sought to be recovered does not exceed one hundred dollars, and concurrent jurisdiction to the amount of two hundred dollars, but the defendant may confess judgment for any sum not exceeding three hundred dollars. No justice shall have jurisdiction in any action of slander, for malicious prosecutions, or breach of marriage contract, nor in any action wherein the title to lands shall come in question, or the justice be related by blood or marriage to either party."

By the above section, justices have jurisdiction in actions for the recovery of personal property, where the value of the property sought to be recovered does not exceed two hundred dollars. Where the value of the property sought to be recovered exceeds in value the sum of two hundred dollars, justices have no power or jurisdiction. In the case under consideration, the value of the property sought to be recovered was four hundred and fifty dollars.

There seems to be no room for doubt, under the above section, and the numerous decisions of this court, that where the value of the property claimed exceeds two hundred dollars, a justice of the peace has no power or authority to accept or approve a bond in replevin, or to issue a writ of replevin, or to do anything whatever in the cause; and as

Caffrey *v.* Dudgeon *et al.*

the authority to approve a bond and issue a writ in replevin is conferred solely and exclusively by statute, it necessarily and unavoidably results that if the justice of the peace had no jurisdiction of the cause, the bond must be void.

This is settled by several decisions of this court. In the case of *Olds* v. *The State, ex rel. Brookins,* 6 Blackf. 91, which was an action on a constable's bond, where an appointment had been made by the justice of the peace, the language of this court is: "The second assignment of error is, that the justice had no authority to make the appointment, and the bond was consequently void. This objection is fatal."

After referring to the statute which was the justice's authority for making an appointment, the court say: "But the facts before us do not bring the case within either of those statutes; and there was, therefore, no authority for the appointment. It follows, that both the appointment and the bond are void." See *Wilson* v. *Hobday,* 4 M. & S. 121; *Commonwealth* v. *Jackson's Ex'r,* 1 Leigh, 485.

The case of *Sherry* v. *Foresman,* 6 Blackf. 56, was an action of debt on a replevin bond. The fifth and ninth pleas were in substance the same, and were as follows: "That Foresman and Earl were ready and willing, at, etc., to prosecute their writ of replevin with effect, but the court, at the instance of the plaintiffs, dismissed the cause for want of jurisdiction, on the ground of defects apparent on the face of the affidavit and the writ; and no damages were recovered in the action of replevin, nor was a return of the property awarded."

The court, in commenting on the above pleas, say: "The fifth and ninth pleas are also insufficient. There is no doubt that if the court in which the bond was taken, had no jurisdiction of the subject-matter, the bond would be void and the pleas on that ground good. But there is not the slightest reason for saying that the court had no jurisdiction of the replevin suit."

The case of *Byers* v. *The State, ex rel. Hutchison,* 20 Ind.

47, was an action on a bond given in a proceeding in bastardy. The court say: "The bond, then, which was the foundation of the present suit, was required and taken by the magistrate without authority of law, because the statute authorizing it was unconstitutional, and so far void, and not law; and, further, the bond was, we may say, forbidden by the constitution, the paramount law, and, hence, was taken, not only without law, but in violation of law; and the question arises, can such a bond be enforced under any circumstances? We think not. Such a bond is without a valid consideration, and that fact is a bar to an action upon it. Indeed, it is the settled law of this State, that where a bond or recognizance is taken by an officer or court, acting simply under statutory power, the instrument taken must be authorized by the statute or it will be void, and in suing upon such instrument the complaint must set out the facts showing that the bond or recognizance was taken in a case where the law authorized it; and, in many cases, it must appear that it was taken exactly, or substantially, in accordance with the statutory power." *Myers* v. *The State*, 19 Ind. 127; *Macey* v. *Titcombe*, 19 Ind. 135; *Butler* v. *Wadley*, 15 Ind. 502; *Skelton* v. *Bliss*, 7 Ind. 77; *Ellis* v. *The State*, 2 Ind. 262; *Marshall* v. *The State*, 8 Blackf. 162; *The State* v. *Lynch*, 6 Blackf. 395; *Spader* v. *Frost*, 4 Blackf. 190; *Martin* v. *Kennard*, 3 Blackf. 430; *Silver* v. *The Governor*, 4 Blackf. 15; *Parker* v. *Henderson*, 1 Ind. 62; *The State* v. *Inman*, 7 Blackf. 225.

The case of *Benedict* v. *Bray*, 2 Cal. 251, was an action upon a bond which had been executed by the plaintiff in a proceeding in attachment which had been commenced before a justice of the peace. The sum claimed in the attachment suit was one thousand dollars, which sum exceeded the jurisdiction of the justice of the peace. The court held, that "if a justice of the peace issue an attachment, and take bond in a suit for a sum exceeding his jurisdiction, the proceedings are void, and no action lies on the bond."

The court say: "The justice in this case had no author-

ity to issue an attachment, or to take such a bond founded upon it. He was, under our statutes, totally without jurisdiction, *ratione materiæ.* A bond exacted by an officer when he has no authority to require it, is void."

To the same effect are the following cases: Thompson v. *Lockwood*, 15 Johns. 256; *Germond* v. *The People*, 1 Hill, N. Y. 343; *Perry* v. *Hensley*, 14 B. Mon. 474; *Buckingham* v. *Bailey*, 4 Sm. & M. 538.

It was held in the following cases, that where an action was brought upon a bond or recognizance which had been taken by a court of limited and inferior jurisdiction, it must appear in the complaint that the court had jurisdiction of the cause in which the bond was taken, and authority to exact and approve the bond, or it would be held bad on demurrer. *Tarbell* v. *Gray*, 4 Gray, 444; *Green* v. *Haskell*, 24 Maine, 180; *Libby* v. *Main*, 2 Fairfield, 344; *Bridge* v. *Ford*, 4 Mass. 641.

In *Green* v. *Haskell, supra,* the court say: "Nothing is to be presumed in favor of the jurisdiction of an inferior magistrate, it not being general, but confined and limited by particular statutes."

But it is maintained by the appellant that as the justice of the peace possessed, under the statute, jurisdiction of the action of replevin, his action in approving the bond in suit will not be invalid, although the value of the property sought to be replevied exceeded in value the maximum amount of the jurisdiction of justices in such actions.

We cannot concur in this view. By the above section there are two limitations upon the jurisdiction of justices. The one is as to the amount in controversy, and the other is as to the subject-matter of the action. The limitation as to the amount is a prohibition as to the exercise of any jurisdiction where the sum demanded, or the value of the property sought to be recovered, exceeds the limitation. A justice of the peace possesses no more power or jurisdiction to hear and determine an action of debt, where the sum claimed exceeds two hundred dollars, or an action for the possession

of personal property, when the value of the property sought to be recovered exceeded said sum, than he would to hear and determine an action for slander or breach of marriage contract. The inhibition of power in the one case is as great as in the other. It is settled law in this State that every step taken, or judgment rendered, by a justice of the peace, where the sum demanded, or the value of the property sought to be recovered, exceeded the amount fixed by law as the jurisdiction of such justice, is absolutely null and void.

*Swift* v. *Woods*, 5 Blackf. 97; *Remington* v. *Henry*, 6 Blackf. 63; *Steepleton* v. *M'Neely*, 6 Blackf. 76; *Chandler* v. *Davidson*, 6 Blackf. 367; *Halbert* v. *Stinson*, 6 Blackf. 398; *Forsha* v. *Watkins*, 4 Blackf. 520; *The Evansville, etc., R. R. Co.* v. *Kargus*, 10 Ind. 182; *Guard* v. *Circle*, 16 Ind. 401; *Leathers* v. *Hogan*, 17 Ind. 242; *Mitchell* v. *Smith*, 24 Ind. 252; *Thompson* v. *Kerr*, 17 Ind. 288; *The Toledo, etc., R. W. Co.* v. *Tilton*, 27 Ind. 71; *Harrell* v. *Hammond's Adm'r*, 25 Ind. 104.

The bond must be valid under our statute, or it will be void. Justices having no civil jurisdiction at common law, it cannot be sustained as a common law obligation. The justice had no power to approve the bond, unless there was pending in his court an action of which he had jurisdiction. As the value of the property sought to be recovered was stated in the verified complaint to be four hundred and fifty dollars, the justice had no power or jurisdiction to approve the bond, or issue the writ of replevin, or take any action in the premises, and no action can be sustained on the bond.

But it is maintained by the appellant that the appellees are estopped, by the recitals in the bond, from denying that there was an action pending, in which the bond was taken; and in support of this position, he refers to the case of *Sammons* v. *Newman*, 27 Ind. 508. That was an action upon a replevin bond, and the court held, that "where the plaintiff in replevin has obtained possession of the property under his writ, neither he nor his sureties can be permitted to allege, in defence in an action on the bond, that no suit was pend-

ing when the bond was executed, because no writ of summons ever issued in the replevin suit."

There can be no doubt that the ruling in said case was correct upon the facts of that case, but it cannot be regarded as authority in the case under consideration. In that case the court had full and undoubted jurisdiction of the subject-matter of the suit, and the only objection was that the court had not, by the issuing and service of a summons, acquired jurisdiction of the person of the defendant; while in the case under consideration, the court had no jurisdiction of the subject-matter of the action; and in such a case the service of a summons or the voluntary appearance of the defendant to the action could not confer jurisdiction on the justice of the peace over the subject-matter. The proceeding for the recovery of the possession of personal property before a justice of the peace is different from the one in the circuit or common pleas court.

The first step in the proceeding before the justice is the filing of a written complaint, verified by affidavit, setting forth that his personal goods, not exceeding in value two hundred dollars, have been wrongfully taken, or are unlawfully detained by any other person, specifically describing such property and giving the value thereof, and alleging that the same has not been taken by virtue of any execution or other writ against him, or, if so taken, that the same is exempt from execution by virtue of the laws of this State, and claiming damages for the detention or taking of the same, not exceeding one hundred dollars in addition, etc.

When the above complaint is filed, the plaintiff is required to file with such justice a bond with surety, to be approved by such justice, and payable to the defendant in a sum double the value of such goods, conditioned that he will prosecute such complaint to effect and return such goods to such defendant, if judgment of return be awarded to him, and pay all damages awarded such defendant.

When the complaint and bond have been filed, the justice shall issue to some constable of the county his writ, com-

manding him to take the property described and deliver it forthwith to such plaintiff, and that he summon said defendant to appear at a time and place therein named before such justice, to answer such complaint.

It will be observed that the writ of replevin has a double character and performs a double service. In the first place, it is a proceeding *in rem*, as it alone affects the property, and that portion of the writ is usually first served, as the officer is required to take and deliver the property to the plaintiff forthwith. The usual practice, after the property is taken and delivered to the plaintiff, is for the officer to execute the personal part of the writ by serving the same on the defendant. But the important matter to be considered is, that the bond has to be filed before the writ is issued. Then as the court had jurisdiction of the subject-matter of the action, it possessed the undoubted authority to approve of the bond; and we can well see how this court held in the above case that the defendants could not allege, as a defence to the action on the bond, that there was no suit pending when the bond was executed. The complaint and bond had been filed, the writ had been issued and executed in part, by taking the property and delivering it to the plaintiff, and the failure to notify the defendant was a breach of that portion of the bond which required the plaintiff to prosecute the action with effect. The proceedings up to the approval of the bond were regular and legal, and any subsequent irregularity could not affect the validity of the bond that was valid and legal when executed. We recognize the principles of estoppel contended for by the counsel for appellant, when applied to a legal and valid bond; and they are, that a party is estopped from denying the truth of the admissions and the recitals of fact therein contained; but we confess our inability to see their application and force in a case like the one under consideration. The whole doctrine of estoppels of this kind is based upon the theory that the instrument, whether it is a record of court, a deed, a mortgage, or a bond, is legal and valid, and by virtue of

Caffrey *v.* Dudgeon *et al.*

its legality and by force of its validity, operates as an estoppel. Would one contend that an instrument that had been forged or obtained by fraud could produce an estoppel against the party whose name had been forged or whose signature had been procured by fraud? We suppose not, as the law is well and firmly settled against such a monstrous proposition. If the bond under consideration was void from its inception, it never possessed any force or validity, and consequently could not work an estoppel.

The argument which has been pressed upon our consideration, that an affirmance of the judgment would produce great injustice and hardship to the appellant, can have no force with us, when our duty is plainly marked out and clearly defined by the repeated decisions of this and other courts. Our statutes have prescribed the powers, defined the duties, and fixed the boundaries to the jurisdiction of justices of the peace. These statutes must be respected. The court cannot change the law. We can only administer it. Every officer is presumed to know his duty. If he does not, and transcends his powers, the responsibility rests with him and those who evoked the exercise of unauthorized powers. The better and safer rule is to hold all public officers to a rigid and faithful discharge of their duties as defined by law, and to discourage the exercise of unauthorized powers. The conclusion that we have reached does not deprive the appellant of a remedy, for the justice of the peace who issued the writ, the plaintiff in that action who procured him to issue it, and the officer who served it, if the want of jurisdiction appeared on the face of the writ, were trespassers, and as such are liable for the consequences of their wrongful and illegal acts.

The court, in our opinion, committed no error in sustaining the demurrer to the complaint.

The judgment is affirmed, with costs.

*J. Wallace,* for appellant.

*W. H. Martin,* for appellees.