MARTIN and Another *v.* KENNARD.

If a declaration on a bond for the prison limits set out the condition of the bond, it must aver the existence of the judgment and execution under which the bond was given.

APPEAL from the *Marion* Circuit Court.

BLACKFORD, J.—This was an action of debt by *Kennard* against *Martin* and *Landis*, on a bond for the prison bounds. The declaration states that *Martin* and *Landis* executed their bond, payable to *Kennard*, in the penal sum of 132 dollars. It also states, that there is a condition to the bond, which recites that *Martin* had been delivered to the custody of the sheriff, by virtue of a *capias ad satisfaciendum* issued by a justice of the peace in favour of *Kennard*, and which concludes with stating, that the bond is to be void if *Martin* continues a prisoner. *Martin* suffered judgment by default. *Landis* pleaded several pleas in bar. The pleas were demurred to, and judgment on the demurrers was rendered for the plaintiff below.

It is not necessary to examine the pleas, as we consider the declaration to be substantially defective. The declaration shows, that the obligation was given under the statute relative to the prison bounds. It should appear, therefore, by the declaration, that the obligee had previously obtained a judgment, and caused a *capias ad satisfaciendum* to issue, against the principal obligor. As the declaration shows the nature of the bond, it should have also shown the existence of a case, in which its execution was authorised by the statute. A declaration on a bail bond, setting out the condition, must show that a writ requiring bail had previously issued against the person, for whose

appearance the bond was given.    2 Chitt. Pl. 215.    A decla-
ration on a replevin bond in the case of a distress, if it set out
the condition, must show that the goods, for the return of which
the bond was given, had been distrained for rent.    2 Chitt. Pl.
218.    So, in a suit on a bond for the prison limits, if the decla-
ration describe the nature of the bond, it must aver the existence
of the judgment and execution, which gave occasion for the
execution of the bond.

The declaration states, that it is recited in the bond that a
*capias ad satisfaciendum* had issued; but the statement of there
being such a recital, is very far from an averment by the plain-
tiff of the existence of the writ.

The judgment for the plaintiff below must be reversed, and
leave be given him to amend his declaration.

*Per Curiam.*—The judgment is reversed with costs.    Cause
remanded, &c.

*J. Morrison,* for the appellants.

*J. H. Scott,* for the appellee.