May Term, 1848.

PARKER v. HENDERSON.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Morrison* and *S. Major*, for the plaintiff.

*C. H. Test*, for the defendant.

---

PARKER and Another *v.* HENDERSON.

Under the charter of the *White Water Valley Canal Company*, an appeal from an assessment of damages, must be taken to the Circuit Court of the county in which the land injured lies; and an appeal to any other Court is a nullity, and a bond given on such appeal is void.

Monday, May 29.

APPEAL from the *Fayette* Circuit Court.

PERKINS, J.—Debt. The declaration commences thus:

"State of *Indiana, Fayette* county, ss. *Fayette* Circuit Court, Spring Term, 1846, *Fayette* county, to-wit: *Thomas Henderson*, plaintiff," &c. It then describes a bond in the usual form, in a penalty of 2,500 dollars, executed by *Parker* and *Helm*, the defendants, to said *Henderson*, conditioned as follows:

"Whereas a certain award in favor of said *Henderson*, was rendered and filed in the office of the secretary of the *White Water Valley Canal Company*, on a claim for damages filed by said *Henderson* against said company, caused by the construction of said canal, agreeably to the 11th section of the charter of said company, from which award said company is about to appeal to the Circuit Court; now should said company prosecute their said appeal to effect, and, without unnecessary delay, pay and satisfy the condemnation money and costs which may be adjudged or awarded against them on the appeal in said case, in the Circuit Court, if judgment be there given against them, then this obligation to be void," &c.

The declaration then avers that "such proceedings were thereupon had on said appeal in the said Circuit Court, in the county aforesaid, that afterwards, to-wit, at the spring term, 1845, of the Court aforesaid, on the 9th day of *April*, 1845, being the third judicial day of the term aforesaid, at the county aforesaid, it was considered by the Court aforesaid, that the said *White Water Valley Canal Company* take nothing by her said appeal and that the same be dismissed," &c.

The non-prosecution of said appeal to effect is assigned for breach.

It will be observed that no particular Circuit Court is designated in the condition of the bond, as that to which an appeal was about to be taken, but the plaintiff treats it as having been the *Fayette*, and in substance avers it in his declaration to have been that Court to which the appeal was taken. The defendants obtained *oyer* of the bond described in the declaration, and pleaded a third plea, as follows:

"And the said defendants, for third plea to said plaintiff's declaration, say *actio non*, because they say that a certain award was rendered in favor of said plaintiff against the said canal company on a claim for damages, caused by the construction of said canal, to the water-power and lands of the said plaintiff, situate, lying, and being in the county of *Franklin*, and state of *Indiana*, which award was filed agreeably to the provisions of the 11th section of the charter of said company, in the office of the secretary of said company, and from which award said company appealed to the *Fayette* Circuit Court, and for that purpose filed the bond in said plaintiff's declaration specified, but said appeal was, after the execution of said bond, to-wit, on, &c., 1845, dismissed, for want of jurisdiction, &c., whereupon, &c."

Demurrer to this, as also to all the other pleas pleaded; demurrer sustained; interlocutory judgment for the plaintiff; damages assessed by the Court, and final judgment accordingly.

It is unnecessary for us to notice any but the third plea.

May Term,
1848.

We will remark that it may be doubted, under the decision in *Martin* v. *Kennard*, 3 Blackf. 430, whether the declaration in this case is not fatally defective in not setting out the award and prayer of appeal, thus showing a state of facts authorizing the bond; but we shall not here examine the question. The present is an action, as we have seen, on a bond given on an appeal to the *Fayette* Circuit Court from an award of damages under the charter of the *White Water Valley Canal Company*. The third plea shows that the land, for injury to which the damages were awarded, was in *Franklin* county. The charter of the company is a public act which all are bound to notice; and by it an appeal from an assessment of damages such as the present, must be taken to the Circuit Court of the county in which the land injured lies; and an appeal to any other Court is void. *White Water Valley Canal Company* v. *Henderson*, 8 Blackf. 528.

The appeal under consideration, therefore, was a nullity, and the bond given upon it void for want of consideration.

The Court erred in sustaining the demurrer to the third plea.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*S. W. Parker* and *C. H. Test*, for the appellants.

*J. A. Matson* and *J. S. Newman*, for the appellee.