ANDERSON *versus* FARNHAM & al.

In an action, referred by rule of Court to three referees, "*the award of whom to be final,*" an award signed by two of them only, cannot be accepted, although they certify that the other acted with them in the hearing of the parties.

In such a case, evidence is inadmissible to prove that the other referee agreed to sign the award.

ON EXCEPTIONS from the District Court, HATHAWAY, J.

WRIT OF ENTRY. The record shows that the action was referred to three referees, "the report of whom, to be made as soon as may be, judgment thereon to be final."

The award of the referees was signed by only two. They however certified, that the other was present and acted at the hearing, though he refused to join them in signing the report. The plaintiff moved the acceptance of the award of the two referees, and offered evidence that the other agreed to sign. The evidence was excluded and the award rejected. The plaintiff thereupon excepted.

The opinion of the Court, SHEPLEY, C. J., WELLS, RICE and APPLETON, J. J., was drawn up by

RICE, J. — This case comes before us on exceptions to the rulings of the Judge of the District Court, rejecting the report of referees. The parties voluntarily referred their action, then pending in Court, to referees, on such terms and conditions as were satisfactory to themselves. Ordinarily, rules of Court provide, that the report of the referees or a majority of them, shall be final, &c. It is, however, competent for parties to insert in their rule other and different provisions. Whatever provisions are thus inserted, unless they are in violation of law, are binding upon the parties. In this case they did not choose to agree to be bound by the judgment of a simple majority of the referees. The Court has no authority to change the provisions of the rule adopted by them against the consent of either party. The defendant was entitled to the judgment of the three referees. The report is made by two only. There does not appear to have

been any wrong practiced by the defendant, by which the other referee has been prevented joining in the report, had he desired so to do.

The parol evidence offered was properly rejected.

*Exceptions overruled.*

*A. M. Robinson*, for the plaintiff.

*A. Sanborn*, for the defendant.