*C. C. Nave*, for the appellee.

---

MURPHY and Another *v.* JONES and Another.

It is not the practice in the Supreme Court to reverse a judgment otherwise correct, for an error in sustaining a demurrer to a plea, or paragraph in an answer, if there is another issue upon the record under which the same evidence would be admissible.

Evidence relevant to an issue raised by the answer, and tending to disprove the allegations in the complaint, was excluded by the Court. *Held*, that this was error.

The execution of a deed which conveys nothing, is not a sufficient consideration to support a promise by the grantee to the grantor.

APPEAL from the *Decatur* Court of Common Pleas. *Friday, June 6.*

GOOKINS, J.—*Thomas Jones* and *Ann*, his wife, brought their suit against *Hugh* and *Samuel Murphy*, averring that *William Murphy*, father of the said *Ann*, died seized in fee of a tract of land in *Preble* county, *Ohio*; that she was one of nine heirs of the said *William*, and took by inheritance one-ninth part of said land; that the said *Thomas* was entitled to a life estate therein; that the defendants purchased the interest of the plaintiffs in said land, for which they agreed to pay 300 dollars; and that they have conveyed the same to them. This action is brought to recover the consideration of that conveyance.

The first paragraph of the answer admits that *William Murphy* died seized of land in *Ohio*, and that said *Ann*

was his daughter; the other material allegations of the complaint are denied. The second paragraph alleges payment. The third denies that the plaintiffs had, or took by inheritance, any interest in the land of which *William Murphy* died seized, averring that he disposed of it by will, to others than the plaintiffs, annexing a copy of the will and probate. To this paragraph the plaintiffs demurred, and the demurrer was sustained, which is assigned for error.

It is not the practice in this Court to reverse a judgment otherwise correct, for an error in sustaining a demurrer to a plea, or paragraph in the answer, if, as in this case, there is another issue upon the record under which the same evidence would be admissible. The same question of law arose in a subsequent part of the case, and when we come to that, the correctness of the ruling upon this demurrer will be considered.

There was a trial by jury, verdict for 325 dollars, motion for a new trial overruled, and judgment.

On the trial, the defendants offered in evidence the will of *William Murphy*, which, on the plaintiff's objection, was excluded. This, we think, was error. The complaint alleged that Mrs. *Jones*, on the death of her father, took one-ninth part of his land by inheritance, and that her husband took a life estate therein, in right of his wife. The will contains the following provisions: "I leave and bequeath to my daughter, *Ann Jones*, one dollar, she having received what I have allowed her before. It is further my will, that *Thomas Jones* receive no privileges on my farm, nor any portion of my estate of which I die possessed." It disposes of all the residue of the testator's estate, to his widow and other children. The evidence offered, tended to disprove the allegations of the complaint, and should therefore have been admitted.

It was also admissible to show that there was no consideration to support the promise averred in the complaint; and this is the same question which arose upon the demurrer to the third paragraph of the answer. It may be stated thus: Is the execution of a deed which conveys nothing, a sufficient consideration to support a promise

by the grantee to the grantor? The deed in question *May Term, 1856.* purported to convey nothing but the interest of the plaintiffs in the estate of *William Murphy.* It contained NELSON *v.* ROBERTSON. no covenants, or assurances of title. The evidence shows that the grantees were already in possession. There is neither allegation nor proof of the compromise or surrender of a disputed claim. Some consideration is necessary to uphold a contract. If there be any, the law will not inquire whether it is adequate or not. But when a promise is alleged to have been made in consideration of the release of any interest, if it appear that the promisee had in fact no interest which passed by the release, there will be no consideration for the promise alleged. *Chitty* on Contracts 41, and note. See also, *Jarvis* v. *Sutton,* 3 Ind. 289. This case is distinguished from *Major* v. *Brush, ante,* p. 232, which was an action upon a contract executed, to recover money back, paid with a full knowledge of the facts. It follows that the demurrer to the third paragraph of the answer was wrongfully sustained, and that, if the will had been admitted in evidence, and the jury properly instructed, the verdict must have been for the defendants.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, with instructions to the Court of Common Pleas to overrule the demurrer to the third paragraph of the defendant's answer, and for further proceedings, not inconsistent with this opinion.

*J. S. Scobey* and *W. Cumback,* for the appellants.

*J. Gavin* and *J. R. Coverdill,* for the appellees.