May Term,
1856.

THE JEFFERSONVILLE RAILROAD COMPANY *v.* MOUNTS.

THE JEFFERSONVILLE RAILROAD COMPANY v. MOUNTS.

An award, by the common law, to be valid, must have been concurred in by all the arbitrators.

Under section 5 of "an act for the benefit of the *Ohio and Indianapolis Railroad Company*," &c., (Local Laws 1849, p. 364,) there can be no valid award where all the arbitrators have not agreed thereto.

The attestation of an award by a witness was essential, under the R. S. 1843, to its validity.

One of the arbitrators was not present when an award was agreed upon, nor notified of the meeting at which it was made. *Held*, under the R. S. 1843, that the award was invalid.

The general statute of 1843 concerning arbitrations, and the fifth section of "an act for the benefit of the *Ohio and Indianapolis Railroad Company*," &c., above mentioned, can not be taken in *pari materia*.

Arbitrators chosen under the section last mentioned, having reported to the Circuit Court that they were unable to agree, &c., *held*, that their duties terminated with such report, and that they could not afterward proceed to make an award.

In a suit upon a void award, made under said section, the defendant is not estopped from denying its validity by not having appealed therefrom.

APPEAL from the *Bartholomew* Circuit Court.

Tuesday,
June 17.

DAVISON, J.—The complaint charges that *Mounts*, the plaintiff below, filed in the office of the secretary of the *Jeffersonville Railroad Company*, his claim for damages occasioned by the construction of said road over certain lands (describing them), and thereupon notified the company that he had sustained damage to the amount of 1,000 dollars, and had selected on his behalf one *Joshua Reynolds* as an arbitrator; that the company, on its behalf, selected *William S. Jones*, and that they, *Reynolds* and *Jones*, selected *William A. Washburn*, all of whom were sworn, &c., and made and filed in said office the following award:

"We, the undersigned, arbitrators, chosen by the *Jeffersonville Railroad Company* and *Thomas Mounts*, to assess the damage sustained by the said *Mounts*, by the construction of said railroad in and over the south-east quarter of section two, in township nine north, of range five east, having been first duly sworn," &c., "do say and award to the said *Mounts* 600 dollars, as and for his damage sus-

May Term,
1856.

THE JEFFER-
SONVILLE
RAILROAD
COMPANY
v.
MOUNTS.

tained by the construction of said road. *July* 23, 1853. *William A. Washburn, Joshua Reynolds.*"

"*October* 3. I, the undersigned, beg leave to dissent from the above award. *William S. Jones.*"

It is averred that the amount thus awarded is due and unpaid, &c. The company demurred to the complaint, but their demurrer was overruled; whereupon they answered—

1. That the arbitrators, before the alleged award, examined the case submitted to them, and made and filed their report in writing, as follows: "We, the undersigned, arbitrators," &c., "after being sworn," &c., "have examined the premises of *Mounts*, where said road passes, and report that we can not agree on the amount of damages to be assessed on said land. *July* 6, 1853. *William A. Washburn, Joshua Reynolds, William S. Jones.*" That since the filing of the above report, the plaintiff has filed no claim for damages, nor has the company reappointed *Jones* an arbitrator in the case, nor had she any notice of further action of *Washburn*, *Reynolds* and *Jones* in the premises, until said alleged award was filed in the secretary's office.

2. That *Jones*, after the filing of said report, had no notice of any further meeting of *Washburn* and *Reynolds*, or other action had by them in the premises, nor was he present when any such meeting was held. On the contrary, he heard nothing of the matter until the pretended award, more than three months after it was signed by *Washburn* and *Reynolds*, was presented to him for his approval.

Demurrer to the answer sustained. The cause was then submitted to the Court, who gave judgment for the plaintiff.

The instrument sued on is claimed to be an award, under section 5 of an act entitled "an act for the benefit of the *Ohio and Indianapolis Railroad Company.*" The first section of that act provides that said company should thereafter be known by the name of the "*Jeffersonville Railroad Company.*" And by the fifth section it is provided that for the purpose of constructing said road, said company are authorized to enter upon, take, and hold in

May Term,
1856.

THE JEFFER-
SONVILLE
RAILROAD
COMPANY
v.
MOUNTS.

fee, any real estate necessary for the purpose, and when such real estate can not be had by donation or fair purchase, the owner may file his claim for damages in the office of the secretary of the company, and select one arbitrator, whereupon the company shall select another, and these two a third, who shall be disinterested men; and within a reasonable time, having been sworn, they shall proceed to examine the case, and make out and file their award in the premises, with said secretary, from which award either party may appeal to the Circuit Court. Local Laws 1849, p. 364.

This enactment requires the selection of three arbitrators, points out their duty, and declares that they shall make and file their award in the premises. Hence, it is contended that the instrument in suit is no award, because it has not the concurrence of all the arbitrators. It has been decided that "as a submission to arbitrators is a delegation of power for a mere private purpose, it is necessary that all the arbitrators should concur in the award, unless it is otherwise provided by the parties." *Green* v. *Miller*, 6 Johns. R. 39.—*Huff* v. *Taylor*, 2 South. 829.—*Kyd* on Awards 106. This is the common law rule, and the act of 1849 being silent on the point of concurrence, it seems to us that that rule is applicable to the proceedings stated in the complaint. But it is said that the general law relative to arbitrations in force at the time the award in question was made, governs the case before us. That law is found in the revision of 1843. It required an award to be signed by the arbitrators, or a majority of them, "who shall agree thereto, and shall be attested by a subscribing witness." Suppose this provision of the law of 1843 does relate to the present case, still the instrument sued on would be defective as an award, because it is not attested. Under the general law, such attestation is a statutory requirement, and is, in our opinion, as essential to the validity of an award as that it should be in writing and signed by the arbitrators. *Lowe* v. *Nott*, 15 Illinois R. 368.

Further, the law of 1843 required that "all the arbitrators must meet together," &c. But in this case it is al-

May Term,
1856.

THE JEFFER-
SONVILLE
RAILROAD
COMPANY
v.
MOUNTS.

leged by the answer, and admitted by the demurrer, that *Jones*, the arbitrator selected by the company, was not present when the award was agreed on; nor was he notified of the meeting at which it was made. No award was made prior to the 6th of *July*, 1853, because on that day the arbitrators reported that they could not agree, and the record sufficiently shows that they did not "meet together" afterwards. However, we know of no rule of construction that would authorize the above statutory provisions to be taken in *pari materia*. This case is governed alone by the fifth section of the act of 1849. It requires that all the arbitrators "shall make their award in the premises." And under that section there can, in our opinion, be no valid award unless it be concurred in by all the arbitrators. *Crofoot* v. *Allen*, 2 Wend. R. 494.—*Jackson* v. *Gager*, 5 Cow. 383.—*Anderson* v. *Farnham*, 34 Maine 161.—*Thomson* v. *Mitchell*, 35 Maine 281.

The appellant contends that the authority of the arbitrators (they having examined the case and reported that they could not agree) at once ceased to exist. This position is quite plausible, if not strictly correct. Indeed the report was, in effect, an agreement among themselves that they would proceed no further in the exercise of their powers as arbitrators. In the absence of any authority on the point, we are inclined to the opinion that, after the report, the case was no longer before them. Again, it is said by the appellee that the company having failed to appeal from the award, are estopped from contesting its validity. The answer to this is, that the instrument sued on is a nullity, and is not, therefore, a proper foundation for an action.

The judgment must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. Herod* and *S. Stansifer*, for the appellants.