## KISER *v.* THE STATE.

Where an action is founded upon a recognizance, a copy of the recognizance must be filed with the complaint.

If a recognizor fail to appear at the term to which he is recognized, and forfeiture is not then taken, it cannot be taken at a subsequent term.

The recognizance, in such case, is inoperative, and the bail discharged.

*Monday,
November* 28.

APPEAL from the *Fountain* Circuit Court.

DAVISON, J.—This was an action by the state upon a forfeited recognizance.

The complaint alleges that *William Hill* and *David Kiser*, on the 23d of *April*, 1855, appeared before the judge of the *Warren* Circuit Court, and acknowledged themselves jointly and severally to owe, &c., to the state, 200 dollars, to be levied, &c., if default should be made in the following condition, to-wit: That the said *William Hill* should be and appear before the *Fountain* Circuit Court on the first day of the next term thereof—it being the *August* term, 1855—to then and there answer the state of an indictment for forgery, and abide the order of the *Fountain* Circuit Court, and not depart therefrom without leave thereof. Then the recognizance was to be void, &c. It is further alleged, that at the *February* term, 1857, of said Court, *William Hill* was duly called, but failed to appear in discharge of his recognizance; and that thereupon *David Kiser* was duly called by order of the Court, and then

and there ordered by the Court to bring into Court the body of *William Hill*, and save his recognizance; and failing to do so, the recognizance was then and there declared forfeited. It is also averred that *William Hill* at no time appeared in said Court in discharge of his recognizance, according to the condition thereof, &c.

The appellant, who was the defendant, demurred to the complaint; but his demurrer was overruled, and thereupon the Court rendered a judgment that the state recover, &c.

The complaint, it is insisted, is defective on two grounds, to-wit—

1. Because it fails to show that the recognizance, or a copy of it, was filed with the pleading.

2. Because it is not shown that *Hill* and *Kiser* were called, and a forfeiture taken, at the *August* term, 1855, of the *Fountain* Circuit Court—the term at which *Hill*, in accordance with the condition of the recognizance, was bound to appear.

The statute says: "If, without sufficient excuse, the defendant neglect to appear for trial or judgment, or upon any other occasion when his presence in Court may be lawfully required, according to the condition of his recognizance, the Court must direct the fact to be entered upon its minutes, and the recognizance of bail is thereupon forfeited." And—"The prosecuting attorney may, at any time after the adjournment of the Court, proceed by action against the bail upon the recognizance. Such action shall be governed by the rules of civil pleading so far as applicable." 2 R. S. p. 366, §§ 47, 48.

In reference to the first ground of demurrer, we have a statutory rule which declares, affirmatively, that "when any pleading is founded on a written instrument, or on account, the original, or a copy thereof, must be filed with the pleading." *Id.*, p. 44, § 78.

Here, the complaint is founded upon a recognizance; and there seems to be no reason why that obligation should not be deemed a written instrument, within the purview of the rule, and, in sequence, that rule applicable to the case at bar.

VOL. XIII.—6

Nov. Term, 1859.

KISER
v.
THE STATE.

The first ground is, therefore, well taken; because it has been often decided that, where it appears on the face of a complaint that it is founded upon a written instrument, and neither the instrument, nor a copy of it, is filed with the pleadings, the complaint will be subject to demurrer for the cause that "it does not state facts sufficient to constitute a cause of action." *Kerstetter* v. *Raymond*, 10 Ind. R. 199.—*Price* v. *The Grand Rapids, &c., Railroad Co.*, at the last term (1).—Perk. Pr., pp. 171, 222.

The second ground of demurrer remains to be considered. As we have seen, the recognizance bound the defendant to appear at the *August* term, 1855. No forfeiture was taken at that term; but at the *February* term, 1857, he was called and a forfeiture taken. This was not, in our opinion, authorized by the statute; because it expressly enacts that, "if the defendant neglect to appear when his presence in Court may be lawfully required, according to the condition of the recognizance, the Court must direct the fact to be entered on its minutes, and the recognizance is thereupon forfeited." In this instance, he neglected to appear, not only when his presence was required by the condition, but at the only time stipulated in the condition. It seems to follow that the Court, having failed to have the defendant called, and a forfeiture entered, at the term specified in the recognizance, could not, under the statute, have that duty performed at a subsequent term. And the result is that, there being no entry on the minutes of the Court of the defendant's non-appearance at the *August* term, 1855, the recognizance is inoperative, and the bail discharged. 1 Chit. Crim. Law, p. 106.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*R. A. Chandler*, for the appellant.

(1) *Ante*, 58.