The State *v.* Vanvalkenburg and Another.

THE STATE
v.
VANVALKEN-
BURG.

Under the code, actions against the bail, upon forfeited recognizances, like suits upon ordinary contracts, must be brought in the county where the defendants, or one of them, has his usual place of residence.

APPEAL from the *Tippecanoe* Circuit Court.

*Wednesday,
December* 5.

DAVISON, J.—This was an action by the *State,* against *Abraham, John* and *Jacob Vanvalkenburg,* upon a recognizance. Process, as to *Abraham Vanvalkenburg,* was returned " not found," upon the other defendants, it was duly served. The complaint charges that on *September* 12, 1856, the defendants entered into a recognizance in the sum of $200, conditioned that said *Abraham Vanvalkenburg* should personally appear before the judge of the Circuit Court of *Tippecanoe* county, on the first day of the next term thereof, to answer the *State of Indiana* on a charge of larceny, and abide the order of the Court, and not depart thence without leave, &c. It is averred that *Abraham Vanvalkenburg* did not appear at the next term of said Court; but wholly failed and refused to appear, whereby said recognizance was forfeited; and the plaintiff avers that the defendants have not paid the $200, or any part thereof, &c.

*John* and *Jacob Vanvalkenburg* answered, " that they are now, and were at, and before, the commencement of this suit, and ever since have been, residents of *Miami* county; that said *Abraham Vanvalkenburg,* with whom the defendants are impleaded, is not now, nor was he at the time of the commencement of this suit, or at any time since, a resident of said county of *Tippecanoe,* and that process has not been served upon him. Wherefore the defendants, *John* and *Jacob Vanvalkenburg,* in fact, say that said Circuit Court has no jurisdiction of their persons in this action." The plaintiff demurred to this defense; but the Court overruled the demurrer, and dismissed the cause for want of jurisdiction.

This ruling is assigned for error, and involves the only question to settle in the case. Anterior to the Revision of 1852, the proceeding, in case of a forfeited recognizance, was by *scire facias,* upon the judgment of forfeiture. This writ

simply required the defendant, against whom it was issued, to show cause why the State should not have execution against him for the amount of the judgment; and hence the *scire facias*, being thus founded on the judgment of forfeiture, issued, of course, from the Court in which the forfeiture was taken. *Crisman* v. *The People*, 3 Gilman, 351. But the code now in force, contains these provisions: "If, without any excuse, the defendant neglect to appear for trial or judgment, &c., according to the condition of his recognizance, the Court must direct that fact to be entered upon its minutes, and the recognizance of bail, &c., is thereupon forfeited," and " the prosecuting attorney may, at any time after the adjournment of the Court, proceed by action against the bail upon the recognizance. Such action shall be governed by the rules of civil pleading, so far as applicable;" and "any recognizance forfeited by the principal is collectable by execution," &c. 2 R. S., §§ 47, 48, 50, pp. 366, 367.

Thus, it will be seen, that, instead of a *scire facias* on the judgment of forfeiture, as authorized by the old system of procedure, the law now requires an action, upon the recognizance itself, against the bail. And the inquiry arises, whether, in this instance, the defendants being residents of *Miami* county, the suit was rightfully instituted in the county of *Tippecanoe?* We have a statute, relative to the commencement of actions, which says: " Actions for the following causes must be commenced in the county where the cause, or some part thereof, arose," and after pointing out, specifically, the cases in which actions must be so commenced, proceeds: " In all other cases, the action shall be commenced in the county where the defendants, or one of them, has his usual place of residence." 2 R. S., §§ 29, 30, 31, 32, 33, p. 34. Actions upon forfeited recognizances, are not found among the cases in which actions are required by the statute to be commenced in the county where the " cause of action, or some part thereof, arose." And it seems to follow that in this instance, the action against the sureties in the recognizance, should have been commenced in the county in which the defendants have their usual place of residence. Indeed the legislature seems to have placed such actions, not only in respect to the juris-

diction in which they shall be commenced, but as to the rules of pleading by which they are to be governed, on the same footing with suits upon ordinary contracts. We are, therefore, of opinion that, in this case, the *Tippecanoe* Circuit Court had no jurisdiction of the persons of the defendants, and consequently, the demurrer was not well taken. *Kiser v. The State*, 13 Ind. 80.

Nov. Term, 1860.

*Per Curiam.*—The judgment is affirmed.

*John S. Miller* for the State.

*S. A. Huff*, *Z. Baird*, and *J. M. La Rue*, for appellees.