BUTLER *v.* WADLEY, Executor of PARKER.

BUTLER
v.
WADLEY.

Suit upon a bond executed to procure an appeal to the *Franklin* Circuit Court, from an award rendered against the *White Water Valley Canal Company,* for damages occasioned by the construction of the canal. The award was rendered and filed in the office of the secretary, who was, under the provisions of the charter of the company, a *pro hac vice* justice of the peace. Judgment was rendered, on appeal, for the amount of the award, and was alleged to be unpaid and unreversed. The defendant answered, that the award from which the appeal was taken was irregular and illegal, and hence the appeal bond was without consideration.

*Held,* that as the action was upon the appeal bond, and not upon the judgment, it was not necessary to file, with the complaint, a transcript of the judgment.

*Held,* also, that even if it was necessary to have averred, in the complaint, that the subject matter of the award lay in *Franklin* county; yet the complaint would be good, after verdict, without such averment.

*Held,* also, that if the award, from which the appeal was taken, was void, the appeal bond was not, for that reason, without consideration.

*Held,* also, that the removal of the cause from the secretary's court to the Circuit Court, where it would stand for trial *de novo,* was a good consideration to support the appeal bond.

*Held,* also, that the surety on the bond could not, in this suit, go behind the judgment in the Circuit Court.

*Wednesday,
December 5.*

APPEAL from the *Fayette* Circuit Court.

PERKINS, J.—This suit was commenced against *Parker* and revived against *Wadley,* his executor. The complaint is as follows:

"*William W. Butler* complains against *Samuel W. Parker,* defendant, and says; that on the 3d day of *August,* 1846, the plaintiff having before that time recovered an award against the *White Water Valley Canal Company,* to wit: on *July* 2, 1846, for $575 damages, occasioned by the construction of their canal, from which said company had appealed to the Circuit Court, the defendant made his bond as follows, to wit: 'Know all men by these presents, that I, *Samuel W. Parker,* of the county of *Fayette* and State of *Indiana,* am held and firmly bound unto *William W. Butler,* in the penal sum of $1,150; for the payment of which I bind myself and heirs, &c., firmly by these presents. Sealed with my seal and dated this 3d day

of *August*, 1846. The condition of this obligation is, that whereas, *The White Water Valley Canal Company* are about to appeal to the *Franklin* Circuit Court, from an award lately rendered in the office of the secretary of the company, in favor of said *Butler* and against said company, had in the case of a claim for damages by said *Butler*, against said company, growing out of the construction of their canal, agreeably to their charter. Now should said company prosecute their said appeal to effect, and without unnecessary delay, and pay and satisfy the condemnation money and costs that may be adjudged against them on said appeal in said Court, then this obligation to be void, else to remain in full force.                          'S. W. PARKER,'   {SEAL.}

Which was approved by the secretary of said company, on *August* 3, 1846. And the plaintiff says that said appeal was not prosecuted to effect by said company, and the condemnation money and costs paid; but on the contrary thereof, on *August* 21, 1847, at the *August* term of said *Franklin* Circuit Court of that year, where said appeal was taken, judgment was rendered in favor of the plaintiff, against said company, for the amount of said award and interest, by said Court.

And the plaintiff says that said judgment remains unreversed, unpaid and unsatisfied; and shows the Court the record and proceedings of said *Franklin* Circuit Court in the premises, and appends hereto a schedule showing the amount of judgment, interest, and costs, and demands judgment for $2,000."

Then follows the schedule.

A demurrer to the complaint, on the ground that it did not contain facts sufficient, &c., was overruled.

It was objected to the complaint that it did not contain a copy of the judgment upon the award. We think this objection was not valid. The bond was the foundation of this suit. We have held that, in a suit upon a forfeited recognizance, the recognizance, not the judgment of forfeiture, is the cause of action. This case is analogous. *Kiser* v. *The State*, 13 Ind. 80.

It is also objected that the complaint did not set forth that the subject matter of the arbitration lay in *Franklin* county, that to the Court of which the appeal was taken. If it was necessary to make such averment, we think it is argumentatively contained in the allegations that the appeal was sustained, tried, and a final judgment on the merits rendered on it, in that Court. But no cross errors being assigned by the defendant, this point is not properly before us, as the complaint would undoubtedly be good after verdict. In the answer, which followed the overruling of the demurrer, the defendant set up illegality, or insufficiency, in the award appealed from, and on which the judgment was rendered in the *Franklin* Circuit Court; and though the Court overruled a demurrer to the answer for this cause, yet, on the trial of the issue upon it, the objection seems to have been held valid; and, hence, judgment was rendered for the defendant.

On the trial, the record of the proceedings and judgment in the *Franklin* Circuit Court was given in evidence.

It disclosed an award, signed by two of the three arbitrators, but not attested by a witness. It further disclosed a judgment on the award, in the appellate Court, entered by agreement; which agreement was signed by Mr. *Parker*, the surety in the appeal bond, as attorney for the canal company. That judgment remained in force.

The Court trying the case, now at bar, below, held the award void, because not attested (see *The Jeffersonville, &c. Co.* v. *Mounts*, 7 Ind. 669); disregarded the judgment upon it, of the *Franklin* Circuit Court, and decided that the bond sued on, being given upon an appeal from an entry of record of a void award, was without consideration, and hence no cause of action. We have been unable to discover any ground upon which we can concur in the judgment finally rendered below.

We do not place our decision upon the doctrine of estoppel. Perhaps the obligee may be estopped to deny the award, by the recital in his bond. See the cases on appeal bonds collected in the Digest, p. 124, *et seq.*

But we do not think that the fact that the award, the entry of record of which was appealed from, was void, rendered

the appeal bond invalid for want of consideration. The party knew, when he appealed from the award, that it was void, if it was so; yet he desired to appeal from the entry of it of record. He wished to remove the case it involved, from the record of the secretary, a *pro hac vice* justice of the peace, to the Circuit Court. This removal, an appeal would effect, and would be a good consideration for the required bond. The cause would stand for trial *de novo*, in the appellate Court. 3 Ind. 497; 9 *id.* 558. The appeal would have vacated, while it stood, any award.

Suppose a void judgment, rendered by an ordinary justice of the peace, or, rather, a judgment upon a void verdict; and suppose an appeal taken from such judgment to the Circuit Court; suppose the cause to be there tried *de novo*, the objection to the voidness of the judgment below, or verdict, being waived, the point not being made, and a judgment to be obtained against the appellant, on a trial of merits in the Court above; would not the surety in the appeal bond be liable? Could he plead that the judgment from which the appeal was taken was void, if the cause itself was within the jurisdiction of the justice? We think not. So in this case, the award stood as a judgment before a justice. It might be void, or valid, or have been rendered upon a void award or verdict; but it existed as a fact, and the party wished to appeal from it to the proper Circuit Court. This the law allowed him to do by filing a sufficient appeal bond, not otherwise. This bond he filed, obligating himself to pay what might be adjudged against him on the trial *de novo*, which might take place in the appellate Court. *The Lake Erie, &c. Railroad Co.* v. *Heath*, 9 Ind. 558.

Thus far we have proceeded upon the hypothesis, that the award in question was void. Perhaps it may not necessarily have been so. The award was not, when appealed from, attested; and perhaps it is safer to say that it was, hence, voidable, not void; but it may be that an attesting witness was actually present when the award was signed, but neglected, through carelessness, to sign it at the time. If so, might he not have been permitted, under circumstances which might have existed, to come in afterward and

supply his signature? May not this have been a reason why the party waived the objection to the award for want of an attesting witness? We, at all events, think it was too late to go, in this suit, behind the judgment in the Circuit Court.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

### *Opinion on Petition for Rehearing.*

PERKINS, J.—An elaborate petition has been filed, in this cause, for a rehearing, and numerous authorities cited. We have patiently examined the petition, to see if we could find any legal ground justifying its allowance. The general proposition relied on by counsel is, that the appeal bond was without consideration; and, as supposed analogous cases, there are cited:

1. *Haymaker* v. *Eberly*, 2 Binn. 509, to the point that a promise to forbear a suit, where no cause of action exists, is not a valuable consideration. See *Spahr* v. *Hollingshead*, 8 Blackf. 415, and Ind. Dig., § 2, p. 259. Also *Wiggins* v. *Kieser*, 6 Ind. 252, to the point that a promise to pay a debt claimed upon a moral, not a legal, obligation, is not binding. And *Murphy* v. *Jones*, 7 Ind. 529, to the proposition that a deed conveying no title to a tract of land, is not a sufficient consideration for a promise to pay, &c. See, however, the cases cited in Ind. Dig., § 23, p. 787, and p. 285. But supposing the award appealed from void, the bond was not given for its payment; such was not the consideration of the bond. The bond was to pay the judgment which might be rendered in the appellate Court, to which the perfected appeal removed the cause.

2. Vol. 1 of Parson on Contracts, p. 363, is cited, to the point that both parties to a submission to arbitration must be bound, to render their promises mutually binding. In the case at bar, both parties were bound by the submission.

3. To the position that in a suit upon an appeal bond, from a Court of special, limited jurisdiction, it must appear, by the complaint, that the Court had jurisdiction of the cause

in which the appeal was taken, are cited: *Tarbell* v. *Gray*, 4 Gray's Mass. R. 444, and 24 Maine, 180; 2 Fairfield, (Maine,) 344, and 4 Mass. 641; see also *Parker* v. *Henderson*, 1 Ind. 62. But, in the case at bar, this fact did appear; because the statute creating the *White Water Valley Canal Company* was a public act, of all whose provisions the Court was bound to take notice. 8 Blackf. 130, 266. Those provisions authorized the submission, award, and appeal bond sued on.

Nov. Term,<br>1860.<br><br>BUTLER<br>v.<br>WADLEY.

4. *Thompson* v. *Lockwood*, 15 Johnson, 255; *Benidict* v. *Bray*, 2 Cal. R. 254; *Germond* v. *The People*, 1 Hill, 343; *Perry* v. *Hensley*, 14 Ben. Mon. 474; *Buckingham* v. *Bailey*, 4 Smedes & Mar. 538, are cited to show that bonds given, where not authorized by law, or to obtain the issuing of a writ in a case where the Court has no jurisdiction, are void. And see cases cited in Ind. Dig., § 48, p. 292, and §§ 23, 24, and 25, p. 601; also 4 Blackf. 15. But the appeal bond, in the case at bar, was executed in a cause of which the Court had jurisdiction.

5. In *Ried* v. *Quigley*, 16 Ohio, 445, the Court below sent up a transcript as upon appeal, when no party to the suit, nor any one authorized to appeal, had prayed one. A stranger to the cause had filed a bond. This case falls within the preceding. The bond was not authorized by law. Had the bond been filed on behalf of a party to the suit, who had prayed an appeal, the case would have been different.

6. *Sharp* v. *Bedell*, 5 Gilman, 88; *Wright* v. *Guy*, 10 Serg. & Rawle, 227; and 5 Ala. 657; fall within *Parker* v. *Henderson*, 1 Ind. 62.

7. To the point that the appeal is not an estoppel, 7 Ind. 669; 11 Md. 322; 10 N. Y. R. 328; 1 Ohio, 390; 5 *id*. 190; 6 *id*. 366, are cited. But see *Reeves* v. *Andrews*, 7 Ind. 207; Ind. Dig., p. 125.

We discover no ground for changing the conclusion formerly arrived at. See *Wood* v. *Thomas*, Ind. Dig., p. 125.

*Per Curiam.*—The petition is overruled.

*J. D. Howland* and *B. F. Claypool*, for appellant.

*C. B. Smith, J. C. McIntosh* and *W. J. Smith*, for appellee.

(1.) The following extract from the charter of the *White Water Valley Canal Company*, will explain the nature of the award from which the appeal was taken, and also the judicial powers of the secretary:

"SEC. 11. That whenever any lands, water, or materials shall be taken for the construction of said canal, or any of its feeders, or works connected therewith, and the same shall not be given or granted to said company, and the proprietor or proprietors do not agree with said company, as to the compensation to be paid therefor, it shall be lawful for the person or persons claiming compensation as aforesaid, to select for themselves one arbitrator, and said company shall select another, and the two thus selected shall take to themselves a third, who shall award as arbitrators between the parties, and report the result of their award in writing to the secretary of said company, who shall enter the same at full length, with the other proceedings properly appertaining to said arbitration, in books of said company; and from any such award either party may appeal to the Circuit Court having jurisdiction thereof; and such appeals shall, in all things, be governed by the law regulating appeals from justices of the peace, regarding the secretary as a justice for all purposes of appeal.          *          *          *          *