### BURR ET AL. *v.* WILSON.

BASTARDY.—*Release of Surety on Bond.*—The surety on a bastardy bond, given before a justice of the peace, for the appearance of the defendant at the next term of the circuit court, is only bound that the defendant will appear at and during that term, and not depart without leave, and abide the judgment and orders of the court in the premises, and if the cause is continued without a new bond, the surety will be released.

From the Greene Common Pleas.

*A. G. Cavins* and *Allen & Mack,* for appellants.

DOWNEY, J.—The appellee sued the appellants, Philander Burr and Charles W. Dixon, alleging in her complaint that the defendants, on the 8th day of May, 1871, by their certain written obligation of that date, acknowledged themselves to be bound to the State of Indiana in the sum of six hundred dollars, a copy of which obligation is filed with and made part of the complaint, conditioned for the appearance of said defendant Dixon at the next term of said common pleas court,

which was held in May, 1871, and at which term of said court said cause was continued until the September term of said court; and the said plaintiff avers, that at said September term of said court, 1871, she recovered a judgment against said Charles W. Dixon, for the sum of five hundred dollars, for the maintenance of her bastard child, which amount was to be paid in certain instalments, fifty dollars of which was to be paid immediately, and the whole of said judgment to be replevied; and the said plaintiff further avers, that said Charles W. Dixon failed to appear at said September term of said court, and failed to pay said fifty dollars, or any part thereof, and to replevy said judgment, or any part thereof, but has wholly failed to appear or comply with the conditions of his said bond; wherefore, etc.

The bond is as follows:

"We, the undersigned, are bound to the State of Indiana in the sum of six hundred dollars, subject to the conditions following: Whereas, in a proceeding by the State, on the relation of Martha Wilson, against the undersigned, Charles W. Dixon, on a charge of bastardy, before S. H. Lockwood, a justice of the peace, of," etc., "the said justice has this day required the said Charles W. Dixon to enter into this recognizance bond. Now, if the said Charles W. Dixon shall appear in the common pleas court of Greene county on the first day of the next term, to answer to said charge, and shall not depart said court without leave, and shall abide the judgment and orders of said court in the premises, then this bond shall be void. Dated this 8th day of May, 1871.

                                    "CHARLES W. DIXON,
                                    "P. BURR.
"Approved by me.          S. H. LOCKWOOD, J. P."

Dixon was not served. Burr demurred to the complaint, on the ground that the same did not state facts sufficient to constitute a cause of action, and his demurrer was overruled. He then answered in two paragraphs. The first was a general denial. In the second, he admits the execution of the bond, and insists that the plaintiff ought not to recover, because he

says he executed the said bond on the 8th day of May, 1871, for Dixon's appearance at the then next term of the common pleas of the county; that the justice of the peace before whom the proceedings were instituted filed a transcript thereof and the papers in the cause in the office of the clerk of said court on the 10th day of May, 1871; that the time for the holding of said next term of said court, in said county, was the 15th day of May, 1871; that on the second day of said term of said court, said Dixon appeared in said court and filed his answer to said complaint, in bastardy, of plaintiff against him, and on the sixth day of said term of court said cause was continued to the next term of said court, at said Dixon's costs. Copies of the affidavit and proceedings in bastardy before the justice of the peace, the answer of Dixon at the May term, 1871, and the order of the court at that term, are made part of the answer.

It is further alleged that Dixon appeared at the May term of said common pleas for 1871, on the first day of the term, and from day to day until the sixth day of the term, and was present in court at the time the cause was continued to the then next term of said court, and in all things, at said term of court, did abide the judgment and orders of said court, and did not depart from said court without leave or until after the final disposition of said cause at said term of said court; that at said May term, 1871, said cause was continued until the September term, 1871, without requiring of said Dixon a bond for his appearance at said September term; wherefore, etc.

The plaintiff demurred to the second paragraph of the answer, and her demurrer was sustained, and there was final judgment, upon a trial by the court, for the plaintiff for the amount of the bond.

The errors assigned are the overruling of the demurrer to the complaint, and the sustaining of the demurrer to the second paragraph of the answer.

There is but one question made by counsel for the appellant, and that is, that as Dixon appeared at the May term, 1871, of the common pleas, abided the orders of the court, and did not

depart without leave, the bond on which the action is founded became *functus officio,* had performed its office, and was at an end.   In other words, it is assumed that when the action at the May term was continued, and the defendant Dixon was allowed to leave without being required to enter into a new recognizance for his appearance at the September term, and no forfeiture of his bond was taken at the May term, his surety was no further bound; that no forfeiture of the bond at the next term could be taken, nor any liability thereon accrue, on account of anything done at that term.

The fourth section of the bastardy act, under which the bond in question was executed, reads as follows:

" If the justice, on hearing, adjudge the defendant to be the father of such child, he shall, if such defendant is in custody, require him to give bond in a sum not less than two hundred, nor more than ten hundred dollars, with sufficient sureties, payable to the State of Indiana, and conditioned, that he will appear at the next term of the circuit court of such county, to answer such complaint, not depart without leave, and abide the judgment and orders of such court; or failing therein, that he will pay such sums of money, and to such person, as may be adjudged by such court; and shall transmit such bond, together with a transcript of his proceedings and the other papers in the cause, without delay, to the clerk of the circuit court of the proper county; and if such defendant shall fail to give such bond, such justice shall commit him to jail until discharged by law; such bond, or any bond given by such defendant on any continuance or arrest, may be put in suit by any person in whose favor the court may adjudge any sum of money in such prosecution."   2 G. & H. 625.

An act was passed in 1853, giving the court of common pleas jurisdiction also in such cases.   Acts 1853, p. 13.   This act is printed on p. 626, 2 G. & H.

The bond, as will be seen, omitted the clause required by section 4, which reads thus: "or failing therein, that he will pay such sums of money, and to such person, as may be adjudged by such court."   As, however, the defendant Dixon

did not fail to appear at the term of the court to which he was recognized, this omission would seem immaterial, so far as this case is concerned.

The bond in suit required the defendant to appear at court on the first day of the next term, to answer the charge which had been made against him, not to depart the court without leave, and to abide the judgment and orders of the court in the premises. It seems to be contemplated by the statute that on a continuance of the cause there shall be a new bond taken. Besides section 4, which we have already copied, section 8 of the act reads as follows:

"Upon any continuance granted either party, the court or justice granting the same shall require of the defendant a like bond as is required in the fourth section of this act, or commit him to jail for failure to give such bond, and such defendant may be discharged from custody in the same manner as in the fifth section of this act provided."

It seems but reasonable to hold that the bail who signs the bond before the justice of the peace should only be bound that the defendant will appear at and during the term of the court to which he is required to appear by the terms of the bond, that he will not depart without leave, and will abide the judgment and orders of the court in the premises, and that he should not be bound by his bond indefinitely for the appearance, etc., of the defendant. We think this must be held to be the rule in view of the eighth section, *supra.* That section is peremptory in the requirement that upon any continuance, etc., the court or justice " shall require of the defendant a like bond as is required in the fourth section." It may be presumed that the bail became bound in view of that section, and upon the supposition that upon any continuance a new bond would be given, and his liability be thus terminated. If there is any analogy between this bond and recognizance in criminal cases, the following authorities sustain the view which we have expressed: *Kiser* v. *The State,* 13 Ind. 80, and *Tucker* v. *The State,* 13 Ind. 332.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the complaint.