The State vs. Becker and another.

THE STATE, Respondent, vs. BECKER and another, imp., Appellants.

*September 30 — October 20, 1891.*

*Criminal law and practice: Recognizance: Liability of sureties.*

1. A recognizance being conditioned for the appearance of the principal at the next term only of the circuit court "to answer to said case and abide the judgment of the court," the liability of the sureties ceased when that term of the court adjourned without any proceedings having been taken in the case.
2. The principal having been tried, convicted, and fined at a subsequent term, a judgment for the fine and costs against the sureties whose liability had ceased cannot be affirmed as to one of them who had become the sole surety upon a second recognizance covering the subsequent term. The question of his liability on the second recognizance should first be determined by the trial court.
3. The taking of new bail discharges a former bond.

APPEAL from the Circuit Court for *Dane* County. Conrad Becker was charged in the municipal court of

80        313
15 LRA 553n
27 LRA 580n
32 LRA 280n
35 LRA 267n
39 LRA 670n
47 LRA 497n
51 LRA 345n
51 LRA 955n

Dane county with a violation of the excise laws, and was tried for and convicted of such offense in August, 1888. He appealed to the circuit court of Dane county from the judgment of the municipal court, and entered into a bond or recognizance with the present appellants, *John M. Becker* and *Henry Becker*, as sureties, in the sum of $400, conditioned for his personal appearance "before the circuit court of said county at the term thereof then next to be held in and for said county, to answer to said case and abide the judgment of the circuit court, and in the mean time to keep the peace and be of good behavior."

Return was made to such appeal in October, 1888. The then next term of the circuit court was appointed by law to be held in November, 1888, and was held at that time. At that term no proceedings were had in the case. Its pendency in the court seems to have been ignored by the district attorney and court. The case was tried at the April term, 1889, of the circuit court, and the jury disagreed. It was then continued to the November term, 1889. At that term the accused, Conrad Becker, applied for a continuance to the following April term, which was granted, and he was required to give a new recognizance from term to term in the sum of $750. He gave such recognizance in the form prescribed in sec. 4811, R. S. At the April term, 1890, he was tried, convicted, and fined. The fine and costs amounted to $550. The court gave judgment against the sureties in the first recognizance, under sec. 4717, R. S., for $400 of such fine and costs, that being the sum in which they recognized. The sureties appeal from the judgment.

The cause was submitted for the appellants on the brief of *John M. Becker*, attorney, and *Burr W. Jones*, of counsel, and for the respondent on that of the *Attorney General*.

For the appellants it was argued, among other things, that the obligation of the surety on a bond is *strictissimi*

*juris.* The condition in a recognizance which binds the principal to appear at a particular term of court to answer to a criminal charge cannot be construed to extend from term to term; and continuances like those in this case release the surety. *Swank v. State,* 3 Ohio St. 430; *Reese v. U. S.* 9 Wall. 13; *U. S. v. Backland,* 33 Fed. Rep. 156; *Burr v. Wilson,* 50 Ind. 587; *Tucker v. State,* 13 id. 332; *People ex rel. Van Aken v. Millham,* 29 Hun, 151; *Colquitt v. Smith,* 65 Ga. 341; *People v. Greene,* 5 Hill, 647; *People v. Scott,* 67 N. Y. 585; *Wilson v. People,* 10 Bradw. (Ill.), 357; *People v. Swales,* 33 Hun, 208; *State v. Stephens,* 2 Swan (Tenn.), 308; *State v. Newton,* 22 Wis. 536.

LYON, J. The undertaking of the sureties in the recognizance which is the basis of this judgment was for the appearance of their principal at the November term, 1888, of the circuit court, and at that term alone. We think the limitation of the recognizance to that term, in respect to the appearance of the principal, applies to the other conditions of the instrument as well, and that the instrument is to be construed as though it had been written therein that the principal should abide the judgment of the court to be pronounced at that term. Such is the reasonable and natural, as well as grammatical, construction of the language of the instrument, without resorting to the rule that the obligation of the sureties is *strictissimi juris.* It would be a strange, and, in our opinion, a most unwarrantable, construction of the recognizance, to hold it *functus officio* after the next term as to the appearance of the principal, and in force as to the conditions to answer and abide the judgment of the court. Had the legislature so intended, we think it would have used very different language to express such intention.

The accuracy of the above construction of the recognizance, and of the view we take of the legislative intention

in the premises, is made more clear by other legislation on the same subject. Sec. 4714, R. S., under which the recognizance in question was given, was first enacted in R. S. 1849, and is sec. 1, ch. 149, of that Revision. The provision of sec. 4717, R. S., which authorizes judgment for the fine and costs to be rendered against the sureties, was first enacted in sec. 31, ch. 121, R. S. 1858. The statutes so remained until 1871, when by sec. 2, ch. 118, Laws of that year, two short forms of bail bonds or recognizances were authorized, one for the appearance of the accused at the next term of the circuit court, and the other for such appearance at the next term and from term to term until the accused shall be discharged by law. The fourth section of that act provides that bonds and recognizances in the prescribed forms (or their equivalents) " shall be as valid, binding, and effectual, and as much a charge, as those given in the forms heretofore in use, and shall bind the principal and sureties, jointly and severally, as follows: . . . (2) If for the next regular term only, for the appearance at court at such term, on the first day thereof, and from day to day thereafter during the term, unless excused by the court from such daily appearance. . . . (4) That at whatever term to which the bail applies the accused shall do and receive what may by the court be *then and there* enjoined upon him, and not depart the court without leave." The foregoing sections stand as secs. 4810–4813 in the present Revision. Thus it appears that, when the accused is recognized under the act of 1871 to appear at the next term of the circuit court only, the statute imposes upon the sureties the obligations, beyond the strict letter of the bond, that " the accused shall do and receive what may by the court be *then and there* enjoined upon him," not what may be enjoined upon him at some future term of the court. It is fair to assume that in these provisions the legislature intended to preserve the limitations of liability already existing in favor of sureties, under sec. 4714.

Although there is some conflict in the cases as to whether the mere fact that nothing was done in the case at the first term after the appeal was taken, operates of itself to discharge sureties who have recognized for the appearance of the accused at that term alone, yet we think it the more reasonable rule, one which accords best with the strict construction of statutes affecting their liability to which sureties are entitled, to hold that the liability of the sureties in the bond or recognizance under consideration ceased when the November term, 1888, of the circuit court adjourned without having taken any proceedings in the case.

Moreover, when the second recognizance was given at the November term, 1889, pursuant to the order of the court, the court thereby took the principal from the friendly custody of his former sureties, and transferred such custody to the surety in the new bond or recognizance. The law seems well settled that the taking of new bail releases the former bail, because the effect is to change such custody. Thus in *People v. Greene*, 5 Hill, 647, Justice Cowen quoted approvingly the following passage from the opinion by Gibson, C. J., in *Keefhaver v. Comm.* 2 Pen. & W. 240: " Recognizances, being for appearance at the next, and not at every succeeding session, are to be discharged at the end of the term by committing the prisoners, delivering them on new bail, or setting them at large." There are numerous cases in the books holding the same rules, many of which are cited in 2 Am. & Eng. Ency. of Law, tit. "Bail." Certainly there was in this case a delivery of the accused on new bail, and it was quite probable that the entire ignoring of the case at the first term was a "setting at large" of the accused. However, this last proposition is not here decided.

The appellant *Henry Becker* is the sole surety in the second recognizance. The learned attorney general maintains that, although the judgment be reversed as to his co-surety,

*John M. Becker,* it ought to be affirmed as to *Henry.* We think otherwise. Two questions may arise upon the last recognizance. These are: (1) Does it bind the surety to pay the fine and costs adjudged against the principal? and, if so, (2) Can judgment therefor be lawfully rendered against such surety in this case, or is the state driven to an action on the bond or recognizance to enforce such liability? These questions have not been determined by the circuit court, and regularly they should be there determined before we review them on appeal. The judgment against both appellants must be reversed, and, in order to give the district attorney an opportunity to raise the above questions in that court, the case will be remanded for further proceedings according to law. But no judgment herein can go against the appellant *John M. Becker.*

*By the Court.*— Judgment reversed, and case remanded with directions as above indicated.