STATE OF NEBRASKA V. CHARLES M. MURDOCK.

FILED JANUARY 3, 1900.  No. 9,078.

59  521
62  427n

Recognizance: TERMS: FORFEITURE.  A recognizance in a bastardy proceeding, conditioned that accused "shall be and appear before the district court on the first day of the next term thereof, and appear thereat from day to day to abide the order of the court," is limited to the term at which it exacts the appearance. A continuance of the cause to a subsequent term of court is not within the contract of the recognizance, and, if made, a non-appearance of accused at the term to which the continuance carries the cause is not a breach of such recognizance.

ERROR from the district court of Gage county.  Tried below before BAKER, J.  *Affirmed.*

*E. O. Kretsinger,* for plaintiff in error.

*Bush & Bush* and *A. D. McCandless, contra.*

HARRISON, C. J.

In the petition in this action, in the district court of Gage county, it was in substance alleged that one George F. L. Walker was arrested and brought before a justice of the peace of said county to answer to a charge of bastardy; that he was the father of a bastard child, of which Elizabeth Walker, an unmarried woman, then and now a resident of Gage county, had then been delivered.  It was further pleaded that on hearing before the justice the defendant was ordered to enter a recognizance in the sum of $1,000, conditioned that he be and appear at the next term of the district court in and for Gage county to answer the accusation against him, and abide the order of the court; that the defendant Walker did appear at the next term of the district court of Gage county, and from term to term until the February term, 1895, during which, and on March 16, 1895, the said court being then in session, it was ordered that the defendant Walker

enter into a recognizance in the sum of $1,000, conditioned for his appearance at the next term of the court, and that he and the defendant, Charles M. Murdock, as C. M. Murdock, entered into a recognizance in the following words: "Now on this 16th day of March, 1895, it being the thirty-fifth day of the term, this cause coming on further to be heard, now comes the defendant as principal with C. M. Murdock as surety and acknowledge themselves to owe and to be indebted to the state of Nebraska in the penal sum of $1,000.00 to be levied of their goods and chattels lands and tenements,.to be void however in case the said defendant shall be and appear before the district court on the first day of the next term thereof and appear thereat from day to·day to abide the order of the court, otherwise to be and remain in full force and effect." The petition continues: "Plaintiff further states that the said defendant Walker did not appear at the next term of said court (being the May term, 1895) in person but did appear by his attorneys of record, and by mutual agreement between the attorneys of the said Walker and the attorney of Elizabeth Walker, the prosecutrix, and the defendant, Charles M. Murdock, said cause was continued from the May term of court, 1895, until the next term of court being the September term of court, 1895. 6. Plaintiff further states that the said defendant Walker did not appear at the said September term of court, 1895, in his own person, but at said term the attorneys of record of the said Walker and the attorney for Elizabeth Walker, the prosecutrix, and the defendant Charles M. Murdock, mutually agreed in open court that said cause against the said George F. L. Walker should be continued until the next term of court, or until the February term, 1896." That Walker appeared before the court at its February, 1896, term, and on the 19th of said month a trial was had, and he was by a jury determined guilty of the charge against him; that he did not await or abide the order or judgment of the court, but fled or left the state, and has not further

appeared; that the court fixed a day of said term of court for the announcement of its judgment in said cause, and ordered that the accused then appear; that the case came on to be further heard, and Walker not appearing, the recognizance was duly forfeited. The demand was for a judgment for the amount of the recognizance. To the petition there was a general demurrer for the defendant, Charles M. Murdock, which, on hearing, was sustained, and the plaintiff electing to plead no further and to stand on its petition, the action was dismissed.

There are several questions argued, but we deem it necessary to consider but one, the decision of which will fully dispose of the case. The point to which we refer is the main one argued, and is whether the recognizance given for the appearance of the accused person at a designated term of court, or on the first day of the next term after the giving of the recognizance, and to appear thereat from day to day, to abide the order of the court, remained of effect during the several continuances of the cause, and was of binding force at the second term after that at which it, in terms, provided the appearance should be. This, we think, must be answered in the negative. The condition was for an appearance at the next term, and to answer the charge during such term from day to day thereof, not at another and subsequent term to which a continuance might be made. The condition to abide the order of the court was of some order effective during the term, not of an order of continuance. The recognizance ended with the term at which it required appearance, and, in the event of a continuance and to a subsequent term, a further recognizance should have been exacted, and upon a non-compliance the accused committed to jail. See *Swank v. State*, 3 O. St., 429; *Gebhart v. Drake*, 24 O. St., 177; *Grieve v. Freytag*, 31 O. St., 147; *Gray v. Fulsome*, 7 Vt., 450; *Burr v. Wilson*, 50 Ind., 587; *Lane v. State*, 50 Pac. Rep. [Kan.], 905; *State v. Roop*, 41 Atl. Rep. [Del.], 196; *Kiser v. State*, 13 Ind., 80; *State v. Mackey*, 55 Mo., 51; *Keefhaver v. Com-*

*monwealth*, 2 P. & W. [Pa.], 240; *State v. Becker*, 80 Wis., 313. The counsel for the state has directed our attention to a number of decisions of courts of last resort in which a contrary doctrine is announced, but we deem the rule we have herein stated the sounder and supported by better reasons.

The continuance of a recognizance in a case such as the one at bar is, under certain existent conditions, provided for in our statutory law, but it must be by order of the court (Compiled Statutes, ch. 37, sec. 4); but it is not claimed this has any effect in the present case. The judgment of the district court must be

AFFIRMED.